# EXHIBIT 3

FILED: MONROE COUNTY CLERK 07/17/2020 02:47 PM
NYSCEF DOC. NO. 71
INDEX NO. E2020003156
RECEIVED NYSCEF: 07/17/2020

20-12094-mew    Doc 12-3    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 3
Pg 2 of 30

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF MONROE: COMMERCIAL DIVISION**

POSADAS DE PUERTO RICO
ASSOCIATES, L.L.C.,

                    Plaintiff,

    v.

CONDADO PLAZA ACQUISITION, LLC;
CONDADO PLAZA ACQUISITION
LAGOON, LLC; and CONDADO PLAZA
ACQUISITION OCEAN, LLC,

                  Defendants.

Index No. E2020003156

Justice: J. Scott Odorisi, J.S.C.

**NOTICE OF ENTRY**

    **PLEASE TAKE NOTICE** that the attached is a true and correct copy of an Order

signed by the Honorable J. Scott Odorisi on July 16, 2020, and duly entered in the office of the

Monroe County Clerk on July 17, 2020.

Dated: New York, New York
       July 17, 2020

Respectfully submitted,

/s/ *Joseph M. Sanderson*
Aaron Marks, P.C.
Joseph M. Sanderson
Jace A. Cearley
Giselle Sedano
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: aaron.marks@kirkland.com
      joseph.sanderson@kirkland.com
      jace.cearley@kirkland.com
      giselle.sedano@kirkland.com

*Attorneys for Plaintiff*

FILED: MONROE COUNTY CLERK 07/17/2020 02:47 PM

NYSCEF DOC. NO. 71

INDEX NO. E2020003156

RECEIVED NYSCEF: 07/17/2020

20-12094-mew    Doc 12-3    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 3

Pg 3 of 30

**TO:**

Anthony D. Dougherty
Jonathan E. Temchin
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, New York  10018
Telephone: (212) 216-8000
Email: adougherty@tarterkrinsky.com
        jtemchin@tarterkrinsky.com

*Attorneys for Defendants*

2

FILED: MONROE COUNTY CLERK 07/17/2020 02:32 PM

INDEX NO. E2020003156

NYSCEF DOC. NO. 69

20-12094-mew    Doc 12-3    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 3

RECEIVED NYSCEF: 07/17/2020

Pg 4 of 30

MONROE COUNTY CLERK'S OFFICE        THIS IS NOT A BILL. THIS IS YOUR RECEIPT.

Receipt # 2438924

Book    Page    CIVIL

Return To:                          No. Pages: 27
Maureen P. Ware
99 Exchange Blvd                    Instrument: ORDER
Rochester, NY 14614

Control #:        202007170394
Index #:          E2020003156

Date: 07/17/2020

Posadas de Puerto Rico Associates, L.L.C.        Time: 11:43:24 AM

Condado Plaza Acquisition, LLC
Condado Plaza Acquisition Lagoon, LLC
Condado Acquisition Plaza Ocean, LLC

Total Fees Paid:                    $0.00

Employee: CW

State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS
ENDORSEMENT, REQUIRED BY SECTION 317-a(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

JAMIE ROMEO

MONROE COUNTY CLERK

FILED: MONROE COUNTY CLERK 07/09/2020 05:10 PM          INDEX NO. E2020003156
NYSCEF DOC. NO. 66                                      RECEIVED NYSCEF: 07/09/2020

At an IAS Special Term of the Supreme
Court of the State of New York, held in and
for the County of Monroe, at the Monroe
County Hall of Justice located at 99
Exchange Blvd. #545, Rochester, New York
14613, on the 16 day of July, 2020.

Present: Hon. J. Scott Odorisi, J.S.C.

STATE OF NEW YORK
SUPREME COURT          COUNTY OF MONROE

---

POSADAS DE PUERTO RICO ASSOCIATES,
L.L.C.,

Index No. E2020003156

              Plaintiff,

~~[PROPOSED]~~ ORDER 

    v.

CONDADO PLAZA ACQUISITION, LLC;
CONDADO PLAZA ACQUISITION LAGOON,
LLC; and CONDADO PLAZA ACQUISITION
OCEAN, LLC,

              Defendants.

---

Plaintiff Posadas de Puerto Rico Associates, L.L.C. ("Plaintiff"), having moved by

Order to Show Cause for an Order pursuant to Section 6300 *et. seq.* of the New York Civil

Practice Law and Rules, (a) preliminarily and permanently enjoining and restraining

Defendants Condado Plaza Acquisition, LLC, Condado Plaza Acquisition Lagoon, LLC, and

Condado Plaza Acquisition Ocean, LLC (collectively, "Defendants"), from initiating or

continuing to prosecute any action, suit, or proceeding arising out of the Agreement of

Purchase and Sale by and between Posadas de Puerto Rico Associates, L.L.C., as Seller, and

Condado Plaza Acquisition LLC, as Buyer, dated as of November 20, 2019 (the

"Agreement"), or any amendment thereto, or any of the transactions contemplated thereby, in

any court outside the State of New York, including the lawsuit initiated by Defendants and currently pending before the Tribunal of First Instance of Puerto Rico, styled *Condado Plaza Acquisition, LLC, Condado Plaza Acquisition Lagoon, LLC and Condado Plaza Acquisition Ocean, LLC v. Posadas de Puerto Rico Associates, LLC and Fidelity National Title Insurance Company*, No. SJ2020CV02703 (the "Puerto Rico Action"); (b) requiring Defendants to expunge or obtain release of any *lis pendens*, notice of pendency, *orden de anotación de demanda*, or equivalent issued in or as a result of the Puerto Rico Action; (c) requiring Defendants to obtain dismissal of the Puerto Rico Action; and (d) for such other and further relief as this Court deems just and proper; and

Defendants having moved by Notice of Cross Motion for an Order: (i) pursuant to CPLR 3211(a)(4), dismissing Plaintiff's Complaint; (ii) pursuant to CPLR § 6314 and this Court's inherent power vacating the temporary restraining order entered by this Court on May 20, 2020; and (iii) for such other and further relief as this Court deems just and proper;

**NOW, THEREFORE,**

**UPON** reading of Plaintiff's Order to Show Cause, dated May 20, 2020 (NYSCEF Doc. 13); the Affirmation of Emergency of Aaron Marks, Esq., dated May 19, 2020 (NYSCEF Doc. 15); the Affidavit of Byron Blount, dated May 19, 2020 (NYSCEF Doc. 16), and the exhibits annexed thereto (NYSCEF Docs. 17-25); and the Affirmation of Giselle Sedano, Esq., dated May 19, 2020 (NYSCEF Doc. 26), and the exhibits annexed thereto (NYSCEF Docs. 27-35, 38), submitted in support of the Order to Show Cause; and

**UPON** reading of Defendants' Notice of Cross-Motion, dated June 4, 2020 (NYSCEF Doc. 41); and the Affirmation of Anthony D. Dougherty, Esq., dated June 4, 2020 (NYSCEF Doc. 42), and the exhibits annexed thereto (NYSCEF Docs. 43-57); and

2

20-12094-mew    Doc 123    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 3

FILED: MONROE COUNTY CLERK 07/09/2020 05:10 PM    INDEX NO. E2020008156
NYSCEF DOC. NO. 66                                  RECEIVED NYSCEF: 07/09/2020

UPON reading of the Affirmation of Aaron Marks, Esq., dated June 10, 2020 (Doc. 60), and the exhibit annexed thereto (NYSCEF Doc. 61); and the Affidavit of Carlos A. Valldejuly, Esq., dated June 9, 2020 (NYSCEF Doc. 62), and the exhibit annexed thereto (NYSCEF Doc. 63); and

UPON oral argument on June 16, 2020 at Special Term, through Skype for Business, from Kirkland & Ellis LLP, attorneys for Plaintiff, and from Tarter Krinsky & Drogin LLP, attorneys for Defendants; and

After due deliberation having been had thereon, and the attached Decision having been issued;

IT IS HEREBY ORDERED that Plaintiff's application for an anti-suit injunction is GRANTED, and accordingly,

IT IS FURTHER ORDERED that Defendants shall not initiate or continue to prosecute any action, suit, or proceeding arising out of the Agreement, or any amendment thereto, or any of the transactions contemplated thereby, in any court outside the State of New York, including the Puerto Rico Action; and

IT IS FURTHER ORDERED that Defendants shall expunge or obtain a release of any *lis pendens*, or the equivalent thereof, issued in or as a result of the Puerto Rico Action; and

IT IS FURTHER ORDERED that Defendants shall obtain dismissal of the Puerto Rico Action; and

IT IS FURTHER ORDERED that Defendants' Cross-Motion to dismiss under CPLR 3211(a)(4) is DENIED; and

3

FILED: MONROE COUNTY CLERK 07/17/2020 02:42 PM
NYSCEF DOC. NO. 66

FILED: MONROE COUNTY CLERK 07/09/2020 05:10 PM
NYSCEF DOC. NO. 66

RECEIVED NYSCEF: 07/09/2020
RECEIVED NYSCEF: 07/09/2020

**IT IS FURTHER ORDERED** that Defendants' Cross-Motion to vacate the temporary restraining order entered by this Court on May 20, 2020 is **DENIED**; and

**IT IS FURTHER ORDERED** that pursuant to CPLR 3211(f), Defendants shall answer the Complaint (NYSCEF Doc. 1) within ten days after service of notice of entry of this Order.

ENTER:

July 16, 2020

Hon. J. Scott Odorisi, J.S.C.

4

MONROE COUNTY CLERK'S OFFICE                    THIS IS NOT A BILL. THIS IS YOUR RECEIPT.

Receipt # 2432515

Book    Page    CIVIL

Return To:                                      No. Pages:  22
Maureen P. Ware
99 Exchange Blvd                                Instrument: DECISION AND ORDER
Rochester, NY 14614

                                                Control #:        202007090870
                                                Index #:          E2020003156

                                                Date: 07/09/2020

Posadas de Puerto Rico Associates, L.L.C.       Time: 4:40:28 PM

Condado Plaza Acquisition, LLC
Condado Plaza Acquisition Lagoon, LLC
Condado Acquisition Plaza Ocean, LLC

Total Fees Paid:                    $0.00

                                    Employee: ARC

State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS
ENDORSEMENT, REQUIRED BY SECTION 317-a(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

JAMIE ROMEO

MONROE COUNTY CLERK



STATE OF NEW YORK
SUPREME COURT        COUNTY OF MONROE


POSADAS DE PUERTO RICO ASSOCIATES, LLC,

                    Plaintiff,


         -vs-                                Index #: E2020003156


CONDADO PLAZA ACQUISITION, LLC,
CONDADO PLAZA ACQUISITION LAGOON, LLC,
and CONDADO PLAZA ACQUISITION OCEAN, LLC,

                    Defendants.


                        Special Term
                        June 16, 2020

                        APPEARANCES

        Aaron Marks, Esq.              Anthony D. Dougherty, Esq.
        KIRKLAND & ELLIS LLP           TARTER KRINSKY & DROGIN, LLP
        Attorneys for Plaintiff        Attorneys for Defendants


                    **DECISION**


**Odorisi, J.**

        This action arises out of an alleged breach of an agreement to sell the Condado

Plaza Hilton in San Juan, Puerto Rico. Pending before this Court is Plaintiff's, Posadas de

Puerto Rico Associates, LLC's ("Posadas"), Order to Show Cause seeking the following

relief: (1) preliminarily and permanently enjoining and restraining Defendants from initiating

or continuing to prosecute any action, suit or proceeding arising out of the Purchase and

-2-

Sale Agreement between Posadas de Puerto Rico Associates, LLC, as Seller, and

Condado Plaza Acquisition LLC, as Buyer, dated November 2019 in any court outside of

the State of New York, including the lawsuit initiated by Defendants and currently pending

before the Tribunal of First Instance of Puerto Rico: Condado Plaza Acquisition, LLC,

Condado Plaza Acquisition Lagoon, LLC and Condado Plaza Acquisition Ocean, LLC v.

Posadas de Puerto Rico Associates, LLC and Fidelity National Title Insurance Company,

No. SJ2020CV02703 (the "Puerto Rico Action"); (2) requiring Defendants to expunge or

obtain a release of any *lis pendens*, notice of pendency, *orden de anotación de demanda*,

or equivalent issued in or as a result of the Puerto Rico Action; and (3) requiring

Defendants to obtain dismissal of the Puerto Rico Action. The Order to Show Cause also

included a TRO provision which was granted by the Court:

> [P]ending hearing and determination of this application and the
> entry of an Order thereon, or until further Order of this Court,
> Defendants are temporarily enjoined and restrained from
> taking any action in the Puerto Rico Action, or in any court
> other than this Court, to prevent Posadas from prosecuting its
> claims in this Court. . . .

Defendants, Condado Plaza Acquisitions, LLC ("CP Acquisition"), Condado Plaza

Acquisition Lagoon, LLC ("CP Lagoon"), and Condado Plaza Acquisition Ocean, LLC ("CP

Ocean") (collectively "the Buyer"), cross move for an order: (1) pursuant to CPLR

3211(a)(4) dismissing the Monroe County Complaint dated May 18, 2020; and (2) pursuant

to CPLR 6314 and this Court's inherent power, an order vacating the temporary restraining

order entered on May 20, 2020.

Based upon a review of: Plaintiff's Order to Show Cause dated May 20, 2020 (Dkt.

#13), the Affirmation of Emergency of Aaron Marks, Esq. dated May 19, 2020 (Dkt. #15),

-3-

the Affidavit of Byron Blount dated May 19, 2020, with exhibits (Dkt. #16); the Affirmation of Giselle Sedano, Esq. dated May 19, 2020, with exhibits (Dkt. #26)- all submitted in support of the Order to Show Cause; Defendants' Cross Motion to Dismiss and Vacate dated June 4, 2020 (Dkt. #41), the Affirmation of Anthony D. Dougherty, Esq. dated June 4, 2020, with exhibits (Dkt. #42)- submitted in support of the Cross Motion and in opposition to the Order to Show Cause; the Affirmation of Aaron Marks, Esq. dated June 10, 2020, with exhibit (Dkt. #60), the Affidavit of Carlos A. Valldejuly, Esq. dated June 9, 2020, with exhibit (Dkt. 62)- submitted in reply and in opposition to the Cross Motion, as well as upon oral argument heard via Skype at Special Term, this Court hereby GRANTS the Plaintiffs' requested relief, and DENIES Defendants' cross motions.

## LAWSUIT FACTS

On November 20, 2019, after negotiations in New York through New York-based real estate lawyers, Posadas and CP Acquisition entered into a Purchase and Sale Agreement ("the Agreement"), whereby Posadas agreed to sell and CP Acquisition agreed to purchase the Condado Plaza Hilton in San Juan, Puerto Rico. CP Acquisition then assigned its rights and obligations under the Agreement to its affiliates, CP Lagoon and CP Ocean, through Notices of Assignment. CP Acquisition, CP Lagoon and CP Ocean are each limited liability companies affiliated with Capital Partners, Inc., the New York-based family office of Roys Poyiadjis.

After execution of the Agreement, over the next few months, Buyer sought to extend the closing date, stating that it was seeking debt financing or equity co-investors on acceptable terms and also that it was facing delays in obtaining tax concessions from the

-4-

Puerto Rican treasury. Pursuant to the Agreement, Buyer could extend the closing date until no later than February 28, 2020 upon payment of $1 million in additional earnest money, bringing the total to $4.1 million. On December 18, 2019, CP Acquisition exercised that option to adjourn the closing date to February 28, 2020. On February 28, 2020, Buyer sought a further extension until March 6, 2020, again for the purpose of finding debt financing or equity co-investors. The parties entered into the First Amendment to the Agreement.

As the March 6, 2020 closing date approached, Buyer again asked to delay the closing, stating that it was not prepared to close. Posadas agreed to another extension to March 17, 2020, and also insisted on several additional terms set forth in the Second Amendment to the Agreement, including depositing an additional $1 million of earnest money, Buyer's agreement to waive all conditions precedent to closing and also an agreement that if the deal failed to close, Posadas could immediately release the earnest money as liquidated damages and Buyer would not have a right to object to such release.

Due to the Covid-19 pandemic, on March 15, 2020 Governor Wanda Vázquez Garced of Puerto Rico ordered the closure of non-essential governmental operations, businesses and public accommodations and ordered an island-wide curfew. Notaries and law offices were consequently closed, and the March 17, 2020 closing could not proceed. Posadas and the Buyer entered into the Third Amendment to the Agreement, rescheduling the closing for the later of April 17, 2020 or five days after real estate closings were again possible in Puerto Rico, as long as that date was before July 31, 2020.

On May 1, 2020, Governor Vázquez authorized notaries and law offices to resume operations as of May 4, 2020. Though not required by any agreements between the

-5-

parties, on May 4, 2020, Posadas notified Buyer that the closing was now scheduled for
May 11, 2020. Buyer objected to the closing date by letter dated May 6, 2020 and did not
appear at the Closing.

On May 8, 2020, Buyer filed suit in the Tribunal of First Instance in San Juan, Puerto
Rico and sought and received an order allowing it to record a *lis pendens ex parte* before
Posadas was aware of the Puerto Rico lawsuit.

Posadas sent Defendants a letter on May 13, 2020, demanding withdrawal of the
*lis pendens* and noting that the Agreement contains an exclusive jurisdiction provision
designating New York Supreme Court and the United States District Court for the Southern
District of New York as the only appropriate jurisdictions. Defendants rejected the request
to dismiss the Puerto Rico action.

## PROCEDURAL HISTORY

Defendants herein commenced an action on May 8, 2020 in the Tribunal of First
Instance in San Juan, Puerto Rico and sought and received an order allowing it to record
a *lis pendens* on an *ex parte* basis before Posadas was aware of the Puerto Rico lawsuit.
The *lis pendens* has enjoined Posadas from remarketing the hotel to any other potential
buyers, as it renders title practically unmarketable during the pendency of the Puerto Rico
Action. In the Puerto Rico Action, the Buyer demanded that Posadas transfer the hotel to
them at a much lower price, claiming that the doctrine of *rebus sic stantibus* enabled the
court to rewrite the fundamental price and other terms of the parties' Agreement, among
other arguments.

This action was commenced on May 18, 2020, when Posadas submitted an *ex parte*

order to show cause. The following TRO provision was granted by the Court:

> [P]ending hearing and determination of this application and the
> entry of an Order thereon, or until further Order of this Court,
> Defendants are temporarily enjoined and restrained from
> taking any action in the Puerto Rico Action, or in any court
> other than this Court, to prevent Posadas from prosecuting its
> claims in this Court. . . .

Posadas at the same time also moved for summary judgment in the Puerto Rico

action.

On May 19, 2020, Defendants served a written demand on Posadas pursuant to

CPLR Rule 511(b) to change the place of trial from Monroe County to the Commonwealth

of Puerto Rico claiming; (1) the forum selection clause was not enforceable for a New York

forum on May 8, 2020, (2) none of the parties reside or have offices located in Monroe

County, and (3) the real estate at issue is located in Puerto Rico.

## LEGAL DISCUSSION

### Motion to Dismiss

CPLR 3211(a)(4) allows for dismissal where "there is another action pending

between the same parties for the same cause of action in a court of any state or the United

States; the court need not dismiss upon this ground but may make such order as justice

requires. . . ". "It is well settled that where. . . 'there is a substantial identity of the parties,

the two actions are sufficiently similar, and the relief sought is substantially the same, a

court had broad discretion in determining whether an action should be dismissed pursuant

to CPLR 3211(a)(4) on the ground that there is another action pending.'" Goodyear v New

-7-

York State Department of Health, 163 AD3d 1427, 1430 (4th Dept 2018) (citation omitted). "'In determining whether two causes of action are the same, we consider (1) [whether] both suits arise out of the same actionable wrong or series of wrongs[] and (2) as a practical matter, [whether] there [is] any good reason for two actions rather than one being brought in seeking the remedy.'" Red Barn Country, LLC v Tronbly, 120 AD3d 1537 (4th Dept 2014) (citation omitted). CPLR 3211(a)(4) "vests a court with broad discretion in considering whether to dismiss an action on the ground that another action is pending between the same parties on the same cause of action." Whitney v Whitney, 57 NY2d 731, 732 (1982).

Here, this pending action and the Puerto Rico Action involve the same parties and arise out of the same subject matter. Defendants' dismissal motion hinges upon whether the Agreement's forum selection clause is enforceable. Defendants contend that the forum clause is unenforceable because New York state courts were inaccessible on May 8, 2020. As a result, the first-in-time rule should control. Defendants also contend that the forum clause is unreasonable and Monroe County is not a proper forum under the forum clause.

The Agreement provides for the application of New York law, with the exception of the technicalities of conveying title to real estate in Puerto Rico and certain tax matters:

> Governing Law. This Agreement shall be governed by, interpreted under, and construed and enforced in accordance with, the laws of the State of New York, provided, however, that the laws of the Commonwealth shall govern laws, rules and regulations governing the conveyance of real property and the tax consequence matters set forth in Section 4.2(f).

Agreement, §14.13 (Dkt. #17).

Likewise, the parties agreed to the exclusive jurisdiction of New York courts to resolve disputes arising out of the Agreement or the sale transaction:

FILED: MONROE COUNTY CLERK 07/17/2020 02:47 PM
FILED: MONROE COUNTY CLERK 07/09/2020 05:40 PM

INDEX NO. E2020003056156
Exhibit 3

NYSCEF DOC. NO. 65

RECEIVED NYSCEF: 07/09/2020

-8-

> Submission to Jurisdiction. Buyer and Seller each irrevocably
> submits to the exclusive jurisdiction of (a) the Supreme Court
> of the State of New York and (b) the United States District
> Court of the Southern District of New York for the purposes of
> any suit, action or other proceeding arising out of this
> Agreement or any transaction contemplated hereby. . . Buyer
> and Seller each irrevocably and unconditionally waive any
> objection to the laying of venue of any action, suit or
> proceeding arising out of this Agreement or the transactions
> contemplated hereby in (x) the Supreme Court of the State of
> New York and (y) the United States District Court for the
> Southern District of New York, and hereby further irrevocably
> and unconditionally waives and agrees not to plead or claim in
> any such court that any such action, suit or proceeding brought
> in any such court has been brought in an inconvenient forum.

Id. at §14.14.

### Court Closure

Pursuant to Administrative Order AO/78/20, when the Puerto Rico[1] Action was commenced on May 8, 2020, New York courts were not available for the commencement of a new action due to the COVID-19 pandemic. Defendants assert that as of May 8, 2020 (with the May 11, 2020 closing date announced by Posadas looming), the parties had clearly demonstrated that they had differing expectations and interpretations of their respective obligations under the Agreement. Defendants contend that because commencing a suit in New York was impossible at that time, it was incumbent upon Defendants to commence suit and seek an emergency application in Puerto Rico, the only available court of competent jurisdiction, and the court with in rem jurisdiction over the real estate at issue.

There is a dearth of case law in New York addressing this situation arising during

---

[1] Puerto Rico is, for the these purposes, a "state." See Gen. Constr. Law §47.

-9-

unprecedented circumstances. The evolving COVID-19 case law in the United States and New York's case law and statutes, however, provide a framework that compels the conclusion that a temporary closure of the New York state court system did not permanently invalidate the Agreement's exclusive jurisdiction provision.

Both parties to this action cite to Conduent Business Services, LLC v Skyview Capital, LLC, No. 2020-0232 (Del. Ch. Mar. 30, 2020). There, the Delaware Court determined that "emergent or expedited relief" sought during the COVID-19 court closure would not be denied because of a New York forum-selection provision. See Conduent Transcript 33:11-13 (Dkt. #56). The Court continued, however, noting that while the Delaware court should intervene in "a situation that warranted expedited and potentially emergent relief", nonexpedited relief should be handled by the selected forum, New York. Id. at 40:4-17.

Likewise, in Hart v Wallis, 2020 WL 2467799, *8 (ED Mo Eastern Div May 13, 2020), the court ruled on a TRO application despite a forum selection clause, because the application came to the court on an emergency basis due to the COVID-19 pandemic. In Hart, the choice of law and forum selection clause provided for governance by Missouri law and further provides that "any action brought to enforce or construe the terms of this Agreement shall be brought only in the Circuit Court of St. Louis County, Missouri." Id. at 5.

The Hart court, however, noted the controlling weight that should be afforded to a forum selection clause and stated that a future motion to dismiss based upon forum non conveniens could be successful as a result. Despite that, the Hart court ruled on the pending TRO request due to the emergency basis of the application and the likelihood that

20-12094-mew    Doc 12-3    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 3
                                                          Pg 19 of 30

-10-

"it may be equally difficult to get a hearing on an emergency basis in state court in light of the pandemic." Id. at 8. The court in Hart granted expedited relief due to the emergency circumstances, while noting that as the case progressed, the forum selection clause would likely ultimately land the litigation in the forum chosen by the parties in their agreement.

The other cases cited by Defendants in support of dismissal and the Puerto Rico forum are not on point. For example, in In re Salomon Inc. Shareholders' Derivative Litigation, 68 F3d 554, 558 (2nd Cir 1995), the court declined to enforce an arbitration agreement before the New York Stock Exchange where the New York Stock Exchange had "refused the use of its facilities to arbitrate the dispute in question." In Moss v BMO Harris Bank, N.A. 114 FSupp3d 61, 64 (EDNY 2015), aff'd sub nom. Moss v First Premier Bank, 835 F3d 260 (2nd Cir 2016), a clause selecting an arbitral tribunal could not be enforced because the tribunal could no longer accept arbitration claims involving consumers due to a consent judgment with the Minnesota Attorney General. Finally, Kemper Mortgage, Inc. v Russell, No. 3:06-CV-042, 2006 WL 355613, at *3 (SD Ohio Feb 16, 2006), involved a contract selecting a court that did not exist, and McConnell Douglas Corp. v Islamic Republic of Iran, 758 F2d 341, 346-47 (8th Cir 1985), dealt with a permissive forum selection clause and a forum that was both permanently unavailable and unable to deliver fair justice due to the overthrow of the Iranian government by extremist revolutionaries. The factual scenarios in each case is too dissimilar to the facts in the case at bar to provide meaningful instruction.

COVID-19, while a dangerous virus that certainly disrupted the every day lives of New York citizens and the day-to-day operation of the New York courts, has not rendered the New York courts permanently unavailable. Indeed, some, though not all, New York

-11-

Judicial Districts began accepting new court filings in new matters on May 18, 2020, less than two weeks after the commencement of the Puerto Rico action.

"Forum selection clauses are enforced because they provide certainty and predictability in the resolution of disputes." Brooke Group v JCH Syndicate 488, 87 NY2d 530, 534 (1996). See also, Boss v American Express Fin. Advisors, Inc., 6 NY3d 242, 247 (2006). A forum selection clause is "'prima facie valid and enforceable unless it is shown by the challenging party to be [,inter alia,] unreasonable, unjust, [or] in contravention of public policy.'" Erie Ins. Co. of NY v AE Design, Inc., 104 AD3d 1319, 1320 (4th Dept 2013) (citation omitted). See also, Trump v Deutsche Bank Trust Co. Ams., 65 AD3d 1329, 1331 (2nd Dept 2009) (citation omitted) ("A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is showing that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court"). "It is the policy of the courts of this State to enforce contractual provisions for choice of law and selection of a forum for litigation." Koob v IDS Fin. Servs., 213 AD2d 26, 33 (1st Dept 1995).

Moreover, General Obligations Law Section 5-1402(1) "opened New York courts up to parties who lacked New York contacts but who had (1) engaged in a transactions involving $1 million or more, (2) agreed in their contract to submit to the jurisdiction of New York courts, and (3) chose to apply New York law pursuant to General Obligations Law §5-1401." IRB-Brasil Resseguros, S.A. v Inepar Invs., S.A., 20 NY2d 310, 315 (2012). Section 5-1402 "permit[s] parties to select New York law to govern their contractual relationship and to avail themselves of New York courts despite lacking New York contacts." Id. Clauses

FILED: MONROE COUNTY CLERK 07/17/2020 02:32 PM
NYSCEF DOC. NO. 65

FILED: MONROE COUNTY CLERK 07/09/2020 05:40 PM

INDEX NO. E2020005156
RECEIVED NYSCEF: 07/09/2020

Exhibit 3

RECEIVED NYSCEF: 07/09/2020

-12-

falling within the ambit of Section 5-1401 and 5-1402 are enforced "regardless of whether

there is a connection between the transaction and New York." ABB, Inc. v Havtech, LLC,

176 AD3d 580 (1st Dept 2019). The Court of Appeals stated:

> Notably, our solicitude of the partes' agreement has been
> shaped by New York's unique status as a global center of
> finance and commercial transactions. As the Court has
> recognized, "[i]n order to maintain [New York's] pre-eminent
> financial position, it is important that the justified expectations
> of the partes to the contract be protected" (J. Zeevi & Sons v
> Grindlays Bank [Uganga], 37 NY2d 220, 227 [1975]; see also
> Bluebird Partners v First Fid. Bank, 94 NY2d 726, 739 [2000]
> [concluding that refusal to enforce contract could "engender
> uncertainties in the free market system in connection with
> untold numbers of sophisticated business transactions- a not
> insignificant potentiality in the State that harbors the financial
> capital of the world"]). That policy is further illustrated by the
> legislative enactment of statutes that "promote and preserve
> New York's status as a commercial center and . . . maintain
> predictability for the parties" (IRB-Brasil Resseguros, S.A. v
> Inepar Invs., S.A., 20 NY3d 310, 315-16[2012]. . . .

Duetsche Bank Natl. Trust Co. v Flagstar Capital Mkts., 32 NY3d 139, 162 (2018).

The Court rejects Defendants' argument premised upon the unavailability of the

New York courts during the COVID-19 crisis. Defendants did not seek temporary

emergency relief in Puerto Rico until the designated forum reopened. Rather, Defendants

sought to pursue their claims as if the forum selection clause negotiated by sophisticated,

well represented entities was a complete nullity and of no continuing force. At the outset,

the parties took advantage of General Obligations Law Section 5-1402 and agreed to the

certainty of New York law and a New York forum for a multi-million dollar real estate

transaction involving property in Puerto Rico. The Court disagrees with Defendants'

analysis on that issue and deems it counterintuitive to the reputation New York has earned

as a reliable forum for commercial parties to choose to litigate their disputes. The New York

courts' policy of enforcing forum selection clauses absent exigent circumstances would not
be served by depriving parties of the forum they negotiated because of a temporary court
closure during the pandemic.

### First-In-Time

The Puerto Rico Action was commenced on May 8, 2020, while the New York Action
was not commenced until May 18, 2020. CPLR 3211(a)(4) allows, but not require, a court
to dismiss an action on the ground of another action pending. The Court possesses broad
discretion in making such a determination. Whitney v Whitney, 57 NY2d 731, 732 (1982).

"New York courts generally follow the first-in-time rule, which instructs that 'the court
which has first taken jurisdiction is the one in which the matter should be determined and
it is a violation of the rules of comity to interfere.'" L-3 Communications Corp. v SafeNet,
Inc., 45 AD3d 1, 7 (1st Dept 2007). However, priority should not be determined "in a
'mechanical' way" and "special circumstances may warrant deviation from this rule where
'the action sought to be restrained is vexatious, oppressive or instituted to obtain some
unjust or inequitable advantage.'" Id. (citations omitted).

However, where there is a forum selection clause, an action commenced outside
the forum is not insulated by being the first-to-file. See Carlyle CIM Agent, LLC v Trey
Resource I, LLC, 148 AD3d 562, 564 (1st Dept 2017). In Carlyle, the Appellate Division
reversed a grant of a CPLR 3211(a)(4) motion where the Defendants had contractually
agreed not to file claims outside of New York, as doing so constituted a breach of the
parties' mandatory forum selection clause. The Court held: "Thus, absent Plaintiff's
consent, it is therefore improper to dismiss the New York actions pursuant to CPLR

3211(a)(4)." Id. See also, Somo Audience Corp. v Perloff, Index No. 652354/2019, 2019 WL 3557508, at *1 (Sup Ct NY Co 2019) ("a party's first-filed action in another jurisdiction cannot be used to procure a dismissal where, as here, a mandatory forum selection clause requires the case to be brought in New York"); Mechoshade Corp. v Designed Performance Assoc., Inc., 11 Misc3d 1081(A), *3 (Sup Ct Queens Co 2006) ("Insofar as the forum selection and choice of law clauses of the partes' agreement are valid, Defendants' arguments for dismissal pursuant to the first-in-time rule of CPLR 3211(a)(4) are without merit"). Here, the parties likewise agreed to a mandatory forum selection clause in the Agreement, as set forth *supra*, and consequently the first-in-time rule is irrelevant.

Defendants cite to In re Perceptron, Inc. (Vogelsong), 34 AD3d 1215 (4th Dept 2006), noting that the Fourth Department affirmed a trial court's application of the first-in-time rule when declining to issue an anti-suit injunction in connection with a prior pending proceeding in Michigan that sought to confirm an arbitration award. The Fourth Department stated:

> As a matter of New York State policy, the rule has been stated that proceedings begun in another State should not be interfered with unless there is some necessity shown. Generally the court which has first taken jurisdiction is the one in which the matter should be determined and it is a violation of the rules of comity to interfere.

Id. at 1215.

A review of the Fourth Department's record on appeal in Perceptron reveals that the lower court in that matter faced a license agreement governed by New York law and requiring arbitration of disputes in New York. While Defendants herein cite favorably to the Fourth Department's decision in Perceptron in support of their position, there are important

-15-

differences that distinguish the pending matter from Perceptron. Perceptron was a Michigan corporation, and while PVS was a Delaware entity at one time doing business in New York, PVS acknowledged that it had dissolved long before the New York action was commenced. Thus, Perceptron did not involve an active New York entity. In contrast, this pending action involves a transaction negotiated and executed in New York and involving active Defendant entities with principal places of business in New York. See Complaint, ¶¶15-16. Moreover, in Perceptron, the Michigan arbitration proceeding concluded with an arbitration award, and PVS acknowledged in the course of the Michigan action that it was aware of that proceeding but felt it was abandoned after Perceptron stipulated to discontinue as to SVI.[2] The subsequent Michigan action was brought to confirm the arbitration award. Here, the Puerto Rico Action is in its infancy,[3] and Posadas did not knowingly disregard proceedings occurring in the other forum.

The circumstances presented warrant exercising discretion to favor the New York action. The pending matter relates to a transaction that was negotiated and executed in New York by sophisticated entities with a principal place of business in New York who chose a New York forum and agreed to the application of New York law. In addition, the proceeding was filed in Puerto Rico only due to exigent circumstances, the COVID-19 pandemic. This litigation can now be handled in the proper forum as the court closure was only temporary.

---

[2] The lower court in Perceptron noted in its Decision that it seemed likely that PVI had chosen to ignore a multitude of signs that the arbitration proceeding was ongoing in Michigan.

[3] Indeed, at Special Term, Counsel for Posadas represented to the Court that the Puerto Rico Action has recently been reassigned to a new judge after the original judge recused due to a conflict.

-16-

The parties' exclusive jurisdiction provision negotiated and agreed to by the parties mandates denial of the CPLR 3211(a)(4) motion on the first-to-file grounds.

### Reasonableness of the Forum Clause

Defendants also seek dismissal, arguing that the forum clause at issue herein should be set aside because it is unreasonable and unjust. Defendants also contend that Monroe County is not a proper forum under the clause, even if the clause is invalid. As noted *supra*, forum selection clauses are "'prima facie valid and enforceable unless. . . shown by the challenging party to be . . . unreasonable, unjust, [or] in contravention of public policy.'" Erie Ins. Co., 104 AD3d at 1320. A forum selection clause may also be invalidated where "it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court." Chiarizia v Xtreme Rydz Custom Cycles, 43 AD3d 1353, 1353-54 (4th Dept 2007).

The Court has set forth the provisions of General Obligations Law Section 5-1402 *supra*, and those statutory requirements are met here: the transaction at issue exceeds $1 million, the parties agreed to submit to New York's exclusive jurisdiction, and the Agreement provides that it is to be "governed by, interpreted under, and construed and enforced in accordance with, the laws of the State of New York." Agreement, §14.13. Where Section 5-1402 applies, New York courts cannot refuse to enforce the forum selection clause based upon considerations of reasonableness or convenience. See Rochester Cmty. Sav. Bank v Smith, 172 AD2d 1018, 1019 (4th Dept 1991). A court does not even have discretion to consider a forum non conveniens argument where an agreement meets the requirements of Sections 5-1401 and 5-1402. See Honeywell Intl.

-17-

Inc. v. ARC Energy Servs., Inc., 152 AD3d 444 (1st Dept 2017). Under these provisions "[a] New York court may not decline jurisdiction even if 'the only nexus is the contractual agreement.'" Carlyle, 148 AD3d at 564.

"The purpose of General Obligations Law §5-1402 is to enhance New York as 'one of the world's major financial and commercial Centers,' by 'encourag[ing] the parties to significant commercial, mercantile or financial contracts to choose New York law' and forum." Id. (citation omitted). "The statute's proponents wanted to avoid any 'uncertainty about any aspect of the ability of a contracting party effectively to submit itself to the jurisdiction of the New York Court,' as it would 'almost certainly operate to deter the parties from selecting New York law in the first place.'" Id. (citation omitted).

As such, the forum selection clause at issue herein is not unreasonable or unjust, as argued by Defendants. The sophisticated, well represented parties took advantage of Section 5-1402 and agreed to the certainty of New York law and a New York forum for their multi-million dollar transaction, despite the fact that the transaction involved real estate located in Puerto Rico. Dismissal is not warranted on this basis.

Likewise, dismissal is not warranted because Defendants have not established that Monroe County is an improper venue.[4] Initially the Court notes that the Agreement specifically and unambiguously waives objections to venue in the New York State Supreme Court. See Agreement, §14.14. The Agreement did not require venue in any particular

---

[4] It is telling that Defendants do not seek to transfer venue to a more convenient county located in New York pursuant to CPLR 510 and 511. Defendants argue that Monroe County is not proper, so the litigation should proceed instead in Puerto Rico.

-18-

county in New York and did not set forth that venue was waived only to the extent that

venue was "proper" under the CPLR's default venue provisions.

"The fundamental, neutral precept of contract interpretation is that agreements are

construed in accord with the parties' intent." Greenfield v. Philles Records, 98 NY2d 562,

569 (2002). "'The best evidence of what parties to a written agreement intend is what they

say in their writing.'" Id. "Thus, a written agreement that is complete, clear and

unambiguous on its face must be enforced according to the plain meaning of its terms."

Id. New York's Supreme Court is "a single great tribunal of general state-wide jurisdiction."

Schneider v Aulisi, 307 NY376, 381 (1954). See also, Matter of Grune v Grenis, 171 AD2d

1070 (4th Dept 1991).

Here, the parties' Agreement is unambiguous and sets venue in New York State

Supreme Court. The parties waived objections to venue, and as such, Defendants'

objection to venue of this action in Monroe County is directly contrary to the deal struck by

the parties. If Defendants' interpretation were correct, then the Agreement would contain

a provision providing that the parties "irrevocably and unconditionally waive[d] any

objection to the laying of venue of any action . . . in the Supreme Court of the State of New

York"- but only to the extent that venue was already proper. Such a reading fails to give

any effect to the waiver to objections to venue, and "[a] contract 'should be read to give

effect to all its provisions.'" God's Battalion of Prayer Pentecostal Church, Inc. v Miele

Assoc., LLC, 6 NY3d 371, 374 (2006) (citation omitted). Defendants' reading of the clause

would allow them to both waive all objection to venue, but also object if a matter was not

26 of 29

FILED: MONROE COUNTY CLERK 07/17/2020 02:37 PM
INDEX NO. E2020003063156

FILED: MONROE COUNTY CLERK 07/09/2020 04:40 PM
/20 15:52:21    Exhibit 3

NYSCEF DOC. NO. 65
RECEIVED NYSCEF: 07/09/2020

-19-

placed in their preferred venue.    Venue in Supreme Court, Monroe County is as
appropriate as venue would be in the Supreme Court of any other county in New York.

In sum, Defendants' motion to dismiss in DENIED.


### Preliminary Injunction

Posadas requests that this Court exercise its discretion and enforce the exclusive

forum selection provision by enjoining the parties and requiring litigation only in the forum

agreed upon in the Agreement. New York court can enjoin a party from pursing litigation

in another jurisdiction "[i]n the interest of preventing duplicative litigation that might lead to

conflicting result, and to prevent the waste of judicial resources and unnecessary legal

expenses." Jay Franco & Sons Inc. v G Studios, LLC, 34 AD3d 297, 298 (1st Dept 2006).

Such injunctions have been used in the context of forum shopping.[5] See Interested

Underwriters at Lloyds v. H.D.I. III Assocs., 213 AD2d 246, 247 (1st Dept 1995) (enjoining

Colorado action brought to evade New York standards for material misrepresentations in

an employment contract); IRB-Brasil Resseguros, 59 AD3d at 367 (enjoining party from

pursuing litigation in Brazil under Brazilian law to evade governing law clause providing that

New York law applied).

Moreover, New York courts have endorsed the use of anti-suit injunctions to enforce

forum selection clauses. See Indosuez Int'l Fin., B.V. v Nat'l Reserve Bank, 304 AD2d 429,

---

[5] While Puerto Rico does appear to have some laws that could appeal to Defendants in this case,
the Court is not concluding that Defendants herein engaged in forum shopping.  It is uncontroverted that
the COVID-19 pandemic precluded Defendants from commencing an action in New York on May 8, 2020.
There is no indication that Defendants sought to commence this action in New York as an emergency
application during the court shut down, but nevertheless, the Court declines to conclude that Defendants
sought out the Puerto Rico forum solely because of laws more favorable to their litigation position.

-20-

430 (1st Dept 2003) (affirming the grant of a preliminary inunction to enjoin litigation brought in violation of "mandatory choice of law and forum selection clauses"); Pers. Sportwear v Silverstein, 91 AD2d 507 (1st Dept 1982) (deciding that a "preliminary injunction on the basis of the forum selection clause contained within the agreement between the parties was an appropriate exercise of discretion").

Here, sophisticated real estate entities agreed to have the sale of property in Puerto Rico governed by New York law in a New York forum.[6] It bears noting that three of the causes of action brought by Defendant in the Puerto Rico action are brought under the Puerto Rico Civil Code, invoking, for example, the doctrine of *rebus sic stantibus*, a doctrine that does not exist in New York. *Rebus sic stantibus* allows a court to rewrite a contract to a supposedly fair price. If the Puerto Rico Action proceeds to judgment there is a chance that Defendants could achieve a result that would not have had any basis to occur under New York law, thus fundamentally undermining the certainty the parties contracted for when they agreed on the application of New York law and a New York forum.

Accordingly, the Court GRANTS Posadas' application for an anti-suit injunction restraining Defendants from initiating or continuing to prosecute any action, suit or proceeding arising out of the Agreement or any amendment thereto, or any of the transactions contemplated thereby, in any court outside of the State of New York, including the Puerto Rico Action. Defendants' application for an order vacating the TRO previously issued in this matter is DENIED.

---

[6] The provision, as set forth *supra*, allows for exclusive jurisdiction in New York State Supreme Court and the federal court located in the Southern District of New York.

Posadas further seeks an order requiring Defendants to expunge or obtain a release of any *lis pendens*, or the equivalent thereof, issues in or as a result of the Puerto Rico Action, as well as requiring Defendants to obtain dismissal of the Puerto Rico Action. For the reasons stated herein, the Court GRANTS Posadas' motion in that regard.

## CONCLUSION

Based upon all of the foregoing, it is the Decision and Order of this Court that Plaintiff's requested relief is GRANTED, and Defendants' cross motion is DENIED.

Accordingly, and as the prevailing party, Plaintiff is directed to E-file a Proposed Order within thirty days.

Signed at Rochester, New York on July 9, 2020.

HONORABLE J. SCOTT ODORISI
**Supreme Court Justice**