# EXHIBIT 5

FILED: MONROE COUNTY CLERK 08/07/2020 05:27 PM
INDEX NO. E2020003156
NYSCEF DOC. NO. 75
20-12094-mew    Doc 12-5    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 5
Pg 2 of 37
RECEIVED NYSCEF: 08/07/2020

MONROE COUNTY CLERK'S OFFICE                THIS IS NOT A BILL. THIS IS YOUR RECEIPT.

Receipt # 2457478

Book    Page    CIVIL

Return To:                                  No. Pages: 36
ANTHONY DOUGHERTY
                                            Instrument: ANSWER

                                            Control #:      202008071079
                                            Index #:        E2020003156

                                            Date: 08/07/2020

Posadas de Puerto Rico Associates, L.L.C.   Time: 5:28:11 PM

Condado Plaza Acquisition, LLC
Condado Plaza Acquisition Lagoon, LLC
Condado Acquisition Plaza Ocean, LLC

Total Fees Paid:                    $0.00

                                            Employee:

State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS
ENDORSEMENT, REQUIRED BY SECTION 317-a(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

        JAMIE ROMEO

    MONROE COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE: COMMERCIAL DIVISION

POSADAS DE PUERTO RICO ASSOCIATES, L.L.C.,

Plaintiff,

-against-

CONDADO PLAZA ACQUISITION, LLC, CONDADO
PLAZA ACQUISITION LAGOON, LLC and
CONDADO PLAZA ACQUISITION OCEAN, LLC,

Defendants.

Index No.: E2020003156

**VERIFIED ANSWER TO**
**COMPLAINT AND**
**COUNTERCLAIMS**

Defendants Condado Plaza Acquisition, LLC, Condado Plaza Acquisition Lagoon, LLC and Condado Plaza Acquisition Ocean, LLC (collectively, "Defendants"), as and for their Verified Answer to the Complaint, dated May 18, 2020 (the "Complaint"), of Plaintiff Posadas De Puerto Rico Associates, L.L.C. ("Plaintiff"), object to paragraphs 1 through 108 of the Complaint as needlessly compound, complex, nearly incomprehensible and in violation of New York Civil Practice Law and Rules Rule 3014. Notwithstanding the foregoing objection, and without waiver thereof, Defendants deny each and every allegation set forth in the Complaint, except as admitted or otherwise qualified herein and allege, on knowledge with respect to themselves and their own acts, and on information and belief as to all other matters:

## **NATURE OF THE ACTION**[1]

1.      Deny the allegations set forth in paragraph 1 of the Complaint.

---

[1] Defendants have adopted the headings and subheadings in the Complaint for reference purposes only. Such adoption is not an admission by Defendants of any allegation or characterization, express or implied, by Plaintiff's headings and subheadings, nor should it be construed as such.

2.     Neither admit nor deny the allegations set forth in paragraph 2 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of the terms and conditions set forth therein.

3.     Deny the allegations set forth in paragraph 3 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of the terms and conditions set forth therein.

4.     Deny the allegations set forth in paragraph 4 of the Complaint.

5.     Deny the allegations set forth in paragraph 5 of the Complaint.

6.     Deny the allegations set forth in paragraph 6 of the Complaint.

7.     Deny the allegations set forth in paragraph 7 of the Complaint.

8.     Deny the allegations set forth in paragraph 8 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of the terms and conditions set forth therein.

9.     Deny the allegations set forth in paragraph 9 of the Complaint.

10.    Deny the allegations set forth in paragraph 10 of the Complaint.

### JURISDICTION AND VENUE

11.    Paragraph 11 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in paragraph 11 of the Complaint.

12.    Paragraph 12 of the Complaint sets forth a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants neither admit nor deny the allegations

FILED: MONROE COUNTY CLERK 08/07/2020 05:27 PM
NYSCEF DOC. NO. 75

INDEX NO. E2020003158

RECEIVED NYSCEF: 08/07/2020

20-12094-mew    Doc 12-5    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 5
Pg 5 of 37

set forth in paragraph 12 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of the terms and conditions set forth therein.

13.    Paragraph 13 of the Complaint sets forth a legal conclusion to which no answer is required.    To the extent an answer is required, Defendants deny the allegations set forth in paragraph 13 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of the terms and conditions set forth therein.

## **PARTIES**

14.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 14 of the Complaint.

15.    Deny the allegations set forth in paragraph 15 of the Complaint, except admit that Defendant Condado Plaza Acquisition LLC is a limited liability company organized under the laws of the State of Delaware.

16.    Deny the allegations set forth in paragraph 16 of the Complaint, except admit that Defendant Condado Plaza Acquisition Lagoon LLC is a limited liability company organized under the laws of the Commonwealth of Puerto Rico and was formed in connection with the transaction at-issue in this action.

17.    Deny the allegations set forth in paragraph 17 of the Complaint, except admit that Defendant Condado Plaza Acquisition Ocean LLC is a limited liability company organized under the laws of the Commonwealth of Puerto Rico and was formed in connection with the transaction at-issue in this action.

## **FACTUAL BACKGROUND**

18.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 18 of the Complaint.

FILED: MONROE COUNTY CLERK 08/07/2020 05:27 PM
INDEX NO. E2020003158

NYSCEF DOC. NO. 75

20-12094-mew    Doc 12-5    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 5

RECEIVED NYSCEF: 08/07/2020

Pg 6 of 37

19.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 19 of the Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 20 of the Complaint.

21.     Deny the allegations set forth in paragraph 21 of the Complaint.

22.     Deny the allegations set forth in paragraph 22 of the Complaint.

23.     Neither admit nor deny the allegations set forth in paragraph 23 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of the terms and conditions set forth therein.

24.     Neither admit nor deny the allegations set forth in paragraph 24 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of the terms and conditions set forth therein.

25.     Neither admit nor deny the allegations set forth in paragraph 25 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of the terms and conditions set forth therein.

26.     Neither admit nor deny the allegations set forth in paragraph 26 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of the terms and conditions set forth therein.

27.     Neither admit nor deny the allegations set forth in paragraph 27 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of the terms and conditions set forth therein.   To the extent an answer is required, Defendants deny the allegations set forth in paragraph 27 of the Complaint.

28.     Admit the allegations set forth in paragraph 28 of the Complaint.

29.    Deny the allegations set forth in paragraph 29 of the Complaint.

30.    Deny the allegations set forth in paragraph 30 of the Complaint.

31.    Deny the allegations set forth in paragraph 31 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of the terms and conditions set forth therein.

32.    Neither admit nor deny the allegations set forth in paragraph 32 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of the terms and conditions set forth therein.

33.    Neither admit nor deny the allegations set forth in paragraph 33 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of the terms and conditions set forth therein.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph 33 of the Complaint.

34.    Neither admit nor deny the allegations set forth in paragraph 34 of the Complaint, and refer the Court to the referenced documents for a complete and accurate statement of the terms and conditions set forth therein.

35.    Deny the allegations set forth in paragraph 35 of the Complaint.

36.    Deny the allegations set forth in paragraph 36 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of the terms and conditions set forth therein.

37.    Neither admit nor deny the allegations set forth in paragraph 37 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of the terms and conditions set forth therein.

FILED: MONROE COUNTY CLERK 08/07/2020 05:27 PM
INDEX NO. E2020003156
NYSCEF DOC. NO. 75
RECEIVED NYSCEF: 08/07/2020

20-12094-mew    Doc 12-5    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 5
Pg 8 of 37

38.     Deny the allegations set forth in paragraph 38 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of the terms and conditions set forth therein.

39.     Deny the allegations set forth in paragraph 39 of the Complaint.

40.     Neither admit nor deny the allegations set forth in paragraph 40 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of the terms and conditions set forth therein.

41.     Neither admit nor deny the allegations set forth in paragraph 41 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of the terms and conditions set forth therein.

42.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 42 of the Complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 43 of the Complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 44 of the Complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 45 of the Complaint.

46.     Admit the allegations set forth in paragraph 46 of the Complaint.

47.     Admit the allegations set forth in paragraph 47 of the Complaint.

48.     Admit the allegations set forth in paragraph 48 of the Complaint.

49.     Admit the allegations set forth in paragraph 49 of the Complaint.

FILED: MONROE COUNTY CLERK 08/07/2020 05:27 PM
NYSCEF DOC. NO. 75

20-12094-mew    Doc 12-5    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 5

INDEX NO. E2020003158

RECEIVED NYSCEF: 08/07/2020

Pg 9 of 37

50.     Deny the allegations set forth in paragraph 50 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of the terms and conditions set forth therein.

51.     Deny the allegations set forth in paragraph 51 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of the terms and conditions set forth therein.

52.     Neither admit nor deny the allegations set forth in paragraph 52 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of the terms and conditions set forth therein.

53.     Neither admit nor deny the allegations set forth in paragraph 53 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of the terms and conditions set forth therein.

54.     Deny the allegations set forth in paragraph 54 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of the terms and conditions set forth therein.

55.     Deny the allegations set forth in paragraph 55 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of the terms and conditions set forth therein.

56.     Neither admit nor deny the allegations set forth in paragraph 56 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of the terms and conditions set forth therein.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph 56 of the Complaint.

FILED: MONROE COUNTY CLERK 08/07/2020 05:27 PM

NYSCEF DOC. NO. 75

INDEX NO. E2020003158

RECEIVED NYSCEF: 08/07/2020

20-12094-mew    Doc 12-5    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 5

Pg 10 of 37

57.     Deny the allegations set forth in paragraph 57 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of the terms and conditions set forth therein.

58.     Deny the allegations set forth in paragraph 58 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of its contents.

59.     Deny the allegations set forth in paragraph 59 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of its contents.

60.     Deny the allegations set forth in paragraph 60 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of its contents.

61.     Deny the allegations set forth in paragraph 61 of the Complaint, and refer the Court to the referenced documents for a complete and accurate statement of their terms, conditions and contents.

62.     Deny the allegations set forth in paragraph 62 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of its contents.

63.     Deny the allegations set forth in paragraph 62 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of its terms and conditions.

64.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 64 of the Complaint, except admit that the Governor of Puerto Rico issued an Executive Order on March 12, 2020.

65.     Deny the allegations set forth in paragraph 65 of the Complaint.

66.     Deny the allegations set forth in paragraph 66 of the Complaint, and refer the Court to the referenced document for its legal or factual significance, if any.

67.     Deny the allegations set forth in paragraph 67 of the Complaint.

68.     Deny the allegations set forth in paragraph 68 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of its contents.

69.     Neither admit nor deny the allegations set forth in paragraph 69 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of its terms and conditions.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph 69 of the Complaint.

70.     Deny the allegations set forth in paragraph 70 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of its terms and conditions.

71.     Deny the allegations set forth in paragraph 71 of the Complaint.

72.     Deny the allegations set forth in paragraph 72 of the Complaint.

73.     Deny the allegations set forth in paragraph 73 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of its contents.

74.     Deny the allegations set forth in paragraph 74 of the Complaint, except admit that Defendants commenced a lawsuit against Plaintiff in the Tribunal of First Instance in San Juan, Puerto Rico on May 8, 2020,  and seeking, among other things, a court order for a *lis pendens* and other equitable or immediate relief.

75.     Deny the allegations set forth in paragraph 75 of the Complaint.

76.     Deny the allegations set forth in paragraph 76 of the Complaint.

77.     Deny the allegations set forth in paragraph 77 of the Complaint.

78.     Deny the allegations set forth in paragraph 78 of the Complaint.

79.     Deny the allegations set forth in paragraph 79 of the Complaint.

FILED: MONROE COUNTY CLERK 08/07/2020 05:27 PM
INDEX NO. E2020003158

NYSCEF DOC. NO. 75

20-12094-mew   Doc 12-5   Filed 09/11/20   Entered 09/11/20 15:52:21   Exhibit 5

Pg 12 of 37

RECEIVED NYSCEF: 08/07/2020

80.     Neither admit nor deny the allegations set forth in paragraph 80 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of its contents.

81.     Deny the allegations set forth in paragraph 81 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of its contents.

82.     Deny the allegations set forth in paragraph 82 of the Complaint.

83.     Deny the allegations set forth in paragraph 83 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of its contents.

84.     Deny the allegations set forth in paragraph 84 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of its contents.

85.     Deny the allegations set forth in paragraph 85 of the Complaint.

## ANSWER TO FIRST CAUSE OF ACTION
### (Breach of Contract Under PSA § 12.1(d) and Second Amendment § 2)

86.     In response to paragraph 86 of the Complaint, Defendants repeat, reallege and reassert each and every answer to the Complaint set forth above as if fully set forth herein.

87.     Deny the allegations set forth in paragraph 87 of the Complaint, and refer the Court to the referenced documents for a complete and accurate statement of their terms and conditions.

88.     Deny the allegations set forth in paragraph 88 of the Complaint, and refer the Court to the referenced documents for a complete and accurate statement of their terms and conditions.

89.     Deny the allegations set forth in paragraph 89 of the Complaint.

90.     Deny the allegations set forth in paragraph 90 of the Complaint.

91.     Deny the allegations set forth in paragraph 91 of the Complaint.

92.     Deny the allegations set forth in paragraph 92 of the Complaint.

FILED: MONROE COUNTY CLERK 08/07/2020 05:27 PM
NYSCEF DOC. NO. 75

20-12094-mew    Doc 12-5    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 5
Pg 13 of 37

INDEX NO. E2020003158
RECEIVED NYSCEF: 08/07/2020

93.     Neither admit nor deny the allegations set forth in paragraph 93 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of its terms and conditions.

94.     Deny the allegations set forth in paragraph 94 of the Complaint.

95.     Deny the allegations set forth in paragraph 95 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of its terms and conditions.

96.     Deny the allegations set forth in paragraph 96 of the Complaint.

97.     Deny the allegations set forth in paragraph 97 of the Complaint.

98.     Deny the allegations set forth in paragraph 98 of the Complaint.

## ANSWER TO THE SECOND CAUSE OF ACTION
### (Declaratory Judgment Pursuant to CPLR § 3001)

99.     In response to paragraph 99 of the Complaint, Defendants repeat, reallege and reassert each and every answer to the Complaint set forth above as if fully set forth herein.

100.    Deny the allegations set forth in paragraph 100 of the Complaint.

101.    Deny the allegations set forth in paragraph 101 of the Complaint, including the allegations set forth in subparts (a)-(g) thereto.

## ANSWER TO THE THIRD CAUSE OF ACTION
### (Breach of Contract Under PSA § 14.14)

102.    In response to paragraph 102 of the Complaint, Defendants repeat, reallege and reassert each and every answer to the Complaint set forth above as if fully set forth herein.

103.    Neither admit nor deny the allegations set forth in paragraph 103 of the Complaint, and refer the Court to the referenced document for a complete and accurate statement of its terms and conditions.

104.    Deny the allegations set forth in paragraph 104 of the Complaint.

105.    Deny the allegations set forth in paragraph 105 of the Complaint.

106.    Deny the allegations set forth in paragraph 106 of the Complaint.

107.    Deny the allegations set forth in paragraph 107 of the Complaint.

108.    Deny the allegations set forth in paragraph 108 of the Complaint.

### ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

109.    Deny all claims and allegations set forth therein, including any claim for relief set forth in Plaintiff's WHEREFORE clause.

### FIRST DEFENSE

110.    Plaintiff's claims are barred, in whole or in part, for failure of consideration

### SECOND DEFENSE

111.    Plaintiff's claims are barred by documentary evidence.

### THIRD DEFENSE

112.    Plaintiff's claims are barred, in whole or in part, under the doctrine of commercial impracticability and/or impossibility of performance.

### FOURTH DEFENSE

113.    Plaintiff's claims are barred, in whole or in part, under the doctrine of frustration of purpose.

### FIFTH DEFENSE

114.    The Complaint fails to state a cause of action upon which relief can be granted.

### SIXTH DEFENSE

115.    Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to satisfy conditions precedent.

FILED: MONROE COUNTY CLERK 08/07/2020 05:27 PM
INDEX NO. E2020003156
NYSCEF DOC. NO. 75
20-12094-mew    Doc 12-5    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 5
RECEIVED NYSCEF: 08/07/2020
Pg 15 of 37

### SEVENTH DEFENSE

116.    Plaintiff's claims are barred, in whole or in part, under the equitable doctrines of release, accord and satisfaction, res judicata laches, waiver, ratification and/or estoppel.

### EIGHTH DEFENSE

117.    Plaintiff's claims are barred, in whole or in part, under the equitable doctrine of unclean hands.

### NINTH DEFENSE

118.    Plaintiff's claims are barred, whole or in part, by Plaintiff's own breach of its contractual obligations to Defendants.

### TENTH DEFENSE

119.    Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate its damages, if any.

### ELEVENTH DEFENSE

120.    Plaintiff's damages, if any, were not caused as a result of any actions or omissions allegedly taken by Defendants, but rather by Plaintiff's own actions or omissions, and/or the conduct of third-parties not under Defendants' control.

### TWELFTH DEFENSE

121.    Plaintiff's damages, if any, are offset or exceeded by amounts owed to Defendants by Plaintiff as a result of Plaintiff's breaches of the relevant contract documents.

### COUNTERCLAIMS

Counterclaim-Plaintiffs Condado Plaza Acquisition, LLC ("CP Acquisition"), Condado Plaza Acquisition Lagoon, LLC ("CP Lagoon") and Condado Plaza Acquisition Ocean, LLC ("CP

Ocean" and, collectively, "Condado"), as and for their Counterclaims against Counterclaim-Defendant Posadas De Puerto Rico Associates, L.L.C. ("Posadas"), allege and state as follows:

## NATURE OF THE COUNTERCLAIMS

1.      Condado, as purchaser, and Posadas, as seller, entered into an Agreement of Purchase and Sale, dated as of November 20, 2019, as amended (the "Purchase Agreement"), for the acquisition of the Condado Plaza Hilton Hotel (the "Hotel") located in San Juan, Puerto Rico for a purchase price of $31 million.

2.      Posadas and Condado entered into the transaction with the basic expectation and understanding that in exchange for $31 million Condado would be receiving a viable and operational Hotel.  Consistent with this purpose, Posadas agreed to convey to Condado all assets related to the Hotel's operations, including all books and records, guest files, guest lists, telephone exchange numbers and rights to future bookings; (ii) all moveable personalty for the operation of the Hotel, such as,  beds, desks, chairs, sofas, beds, computers, laptops, food, beverages and engineering, office, maintenance and housekeeping supplies, etc.; (iii) the Hotel's intellectual property and any and all goodwill associated therewith, including the name "El Condado Plaza," and trademarks, copyrights, logos and designs; (iv) any and all transferrable licenses and permits issued by governmental authorities for conducting business as a Hotel; (v) rights with respect to certain lease agreements; (vi) the Hotel's rights and obligations under the collective bargaining agreement(s) with union employees; and (vii) the real property upon which the Hotel is situated (collectively, the "Assets").

3.      The bargained for Assets formed the legal consideration which, in exchange at closing, Condado would pay $31 million to Posadas.

FILED: MONROE COUNTY CLERK 08/07/2020 05:27 PM
NYSCEF DOC. NO. 75

20-12094-mew    Doc 12-5    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 5
Pg 17 of 37

INDEX NO. E2020003156
RECEIVED NYSCEF: 08/07/2020

4.      Posadas knew that if it was unable to deliver any one of the defined assets, such as guest lists, rights to future bookings and the goodwill of the Hotel at closing, Condado's would not get the benefit of its bargain.      That is precisely why Posadas agreed to use "commercially reasonable efforts" to operate and maintain the Hotel as it had in the three months immediately preceding the execution of the Purchase Agreement.

5.      The COVID-19 global pandemic wreaked havoc on the tourism industry in Puerto Rico, and on March 12, 2020, the Governor of Puerto Rico declared a state of emergency.  The governmental restrictions that followed ground tourism to a complete and total standstill.  By May 2020, the Hotel was little more than an empty shell, having no guests, no future bookings, no employees, no food, and no good will. Simply put, the Hotel and the Assets as they existed at the time of the signing of the Purchase Agreement [November 2019] no longer exists.  Consequently, Posadas could not deliver the benefit of Condado's bargain on the day that Posadas declared to close the transaction.

6.      Due to the Pandemic's total annihilation of the tourism industry, Posadas was strapped with an empty, non-performing asset [the Hotel] which was losing money monthly due to significant carrying costs.

7.       In order to stem the monthly losses and while knowing full well that it could not deliver the benefit of Condado's bargain,  Posadas declared a closing date in the hope that Condado would accept something much less than it actually bargained for in exchange for thirty-one (31) million dollars.

8.      In a sign of total desperation, and in the midst of the Pandemic while thousands were being laid off from their jobs in the face of shelter-in-place orders, with many testing positive for COVID-19 or worse, Posadas, in bad faith, notified Condado on May 4, 2020 that it was

scheduling an in-person closing at Posadas's lawyer's office in San Juan, Puerto Rico on May 11, 2020 (in violation of shelter-in-place orders, restrictions on non-essential business and social distancing guidelines), notwithstanding the fact that Posadas was not ready, willing or able to deliver the benefit of the bargain consistent with the Condado's expectations or the obligations set forth in the Purchase Agreement.

9.     After Condado objected to the May 11, 2020 closing date for these and other reasons, Posadas, in bad faith, declared Condado in breach of the Purchase Agreement, when it did not appear on the purported closing date.

10.     On May 18, 2020, Posadas filed this action, seeking to have this Court rubber-stamp Posadas' bad faith actions through judicial fiat, seeking a declaration that Posadas is entitled to the release of the $5.1 million down payment, even though it could not deliver the bargain for benefit to Condado.

11.     By these counterclaims, Condado seeks specific performance of the Purchase Agreement and a declaratory judgment to require Posadas to close the transaction consistent with the parties' intent, expectations and obligations, and the Purchase Agreement.   Alternatively, Condado requests that this Court rescind the Purchase Agreement under the equitable principles of failure of consideration, commercial impracticality, impossibility of performance and frustration of purpose; and the enforcement of Condado's equitable lien as a contract vendee under the Purchase Agreement to recover its $5.1 million down payment.

## **THE PARTIES**

12.     Upon information and belief, at all times relevant herein, Posadas was and is a limited liability company duly organized and existing under the laws of the State of Delaware, with a principal place of business located in San Juan, Puerto Rico.

13.     At all times relevant herein, Counterclaim-Plaintiff Condado Plaza Acquisition LLC was and is a limited liability company duly organized and existing under the laws of the State of Delaware.

14.     At all times relevant herein, Counterclaim-Plaintiff Condado Plaza Acquisition Lagoon LLC was and is a limited liability company during organized and existing under the laws of the Commonwealth of Puerto Rico.

15.     At all times relevant herein, Counterclaim-Plaintiff Condado Plaza Acquisition Ocean LLC was and is a limited liability company duly organized and existing under the laws of the Commonwealth of Puerto Rico.

## FACTS COMMON TO ALL COUNTERCLAIMS

16.     Upon information and belief, Posadas is record owner of the Hotel, but is owned, operated and/or controlled by The Blackstone Group Inc. ("Blackstone"), a global private equity alternative investment management and services firm, with assets under management of approximately $571 billion.

17.     Blackstone and its affiliated entities are major stakeholders in Puerto Rico real estate and tourism.  In addition to its interests in the Hotel, upon information and belief, a Blackstone affiliated entity controls or has controlled about 40% of the reverse mortgage market in Puerto Rico, and has filed scores of lawsuits in the courts of Puerto Rico over the past five years seeking to foreclose on the homes of property owners who have been devastated by the economic crisis in Puerto Rico.

18.     Upon further information and belief, Blackstone and its affiliated entities have either expended, or advised their clients to expend, billions of dollars in purchasing Puerto Rico debt and/or bonds.  Blackstone's interests and massive holdings in Puerto Rico place Blackstone in

a unique competitive and informational advantage in any Puerto Rico-related commercial transaction, including the Posadas-Condado transaction for the Hotel.

19.     At the outset of the negotiation between Posadas and Condado for the Hotel, Condado made it clear on numerous occasions that the very purpose of the deal, indeed the only way the deal would only make economic sense to Condado, was if the Hotel was a viable going concern, including, without limitation, providing Condado with an Offering Memorandum, detailing the Hotel's revenues and operations.

20.     Posadas understood that this was the entire purpose of the transaction without which there would be no reason for Condado to enter into the Purchase Agreement and assured Condado that the endeavor would be highly lucrative based on Posadas' (Blackstone's) economic forecasts, demonstrated by, among other things, the fact that during the course of the negotiations and after the execution of the Purchase Agreement, Posadas and/or its broker supplied and updated Condado with economic documentation, projections and information concerning the Hotel's operations through a "data room" containing reams of economic and operational details.

21.     Based on this information and the understanding between Posadas and Condado that the purpose of the transaction was for Condado to purchase a functioning going concern, Posadas and CP Acquisition entered into the Agreement of Purchase and Sale, dated as of November 20, 2019.

22.     In accordance with Section 2.1(b) of Purchase Agreement, Posadas was required to convey certain tangible and intangible assets to Condado in exchange for the payment of the purchase price, including, but not limited to:

    i.    all assets related to the Hotel's operations, including all books and records, guest files, guest lists, telephone exchange numbers and rights to future bookings;

    ii.    all moveable personalty for the operation of the Hotel, such as, beds, desks, chairs, sofas, beds, computers, laptops, food, beverages and engineering, office, maintenance and housekeeping supplies, etc.;

    iii.    the Hotel's intellectual property and any and all goodwill associated therewith, including the name "El Condado Plaza," and trademarks, copyrights, logos and designs;

    iv.    any and all transferrable licenses and permits issued by governmental authorities for conducting business as a Hotel;

    v.    rights with respect to certain lease agreements;

    vi.    the Hotel's rights and obligations under the collective bargaining agreement(s) with union employees; and

    vii.    the real property upon which the Hotel is situated.

(collectively, the "Assets").

23.    Under Section 2.2(a) of the Purchase Agreement, the purchase price of the Assets is $31 million.

24.    Under Section 2.2(b) of the Purchase Agreement, CP Acquisition delivered a down payment of Earnest Money in the amount of $3,100,000 to the Escrow Agent to secure Condado's rights in the Purchase Agreement and the Assets.

25.    By tendering and delivering the down payment, Condado obtained an equitable contract vendee's lien in the Assets and the right to foreclose on the Assets, including the real

FILED: MONROE COUNTY CLERK 08/07/2020 05:27 PM
NYSCEF DOC. NO. 75

20-12094-mew    Doc 12-5    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 5
Pg 22 of 37

INDEX NO. E2020003158
RECEIVED NYSCEF: 08/07/2020

property upon which the Hotel is situated, to secure the return of its substantial down payment in the event of Posadas' breach of the Purchase Agreement.

26.     Section 3.4(a) of the Purchase Agreement provides, among other things, that between the Effective Date of the Purchase Agreement and the Closing Posadas shall "[u]se commercially reasonable efforts to cause Property Manager to operate and maintain the Property substantially consistent with the operation and maintenance of the Property over the previous three (3) month period."

27.     Section 5.2(b) of the Purchase Agreement provides that the "obligation of Buyer to purchase and pay for the Assets on the Closing Date is subject to the satisfaction" of Posadas' performance and compliance "in all material respects with each obligation and covenant by this Agreement to be performed or complied with by Seller on or before the Closing Date," including Posadas' obligation to use commercially reasonable efforts under Section 3.4(a).

28.     Under Section 5.3 of the Purchase Agreement, the "occurrence of the Closing shall constitute conclusive evidence that Seller and Buyer have respectfully waived any conditions which are not satisfied as of the Closing," including the waiver of any claims arising out of Posadas' failure to use commercially reasonable efforts under Section 3.4(a).

29.     Under Section 2.3 of the Purchase Agreement, the "Initial Closing Date" was scheduled for December 31, 2019, subject to CP Acquisition's right to adjourn the closing to a date not later than February 28, 2020 upon CP Acquisition delivering written notice and an "Extension Deposit" in the amount of $1 million to the Escrow Agent.

30.     CP Acquisition exercised its right to adjourn the closing by timely delivering such written notice to Posadas and the Extension Deposit to the Escrow Agent, and the closing of the transaction therefore was adjourned to February 28, 2020 as permitted in the Purchase Agreement.

FILED: MONROE COUNTY CLERK 08/07/2020 05:27 PM

INDEX NO. E2020003158

NYSCEF DOC. NO. 75

20-12094-mew    Doc 12-5    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 5

RECEIVED NYSCEF: 08/07/2020

Pg 23 of 37

31.     Under a First Amendment to Agreement of Purchase and Sale, dated as of February 28, 2020 (the "First Amendment"), the parties mutually agreed to extend the closing of the transaction to March 6, 2020.

32.     The parties entered into the First Amendment without having full knowledge or information as to the extent to which the COVID-19 pandemic would destroy the Hotel's business and the tourism industry in Puerto Rico.

33.     In Section 6 of the First Amendment, the parties acknowledged that Posadas' obligation under Section 3.4(a) of the Purchase Agreement to use "commercially reasonable efforts" to maintain and operate the Hotel as it had during the three month period prior to the execution of the Purchase Agreement in November 2019 would remain in full force and effect, providing:

> Except as expressly amended, modified or superseded by this Amendment, the terms of the Purchase Agreement shall remain in full force and effect and are hereby ratified by the Seller and the Buyer.  Except as modified and amended by this Amendment, the Purchase Agreement and the respective obligations of Buyer and Seller thereunder shall remain unmodified and in full force and effect.

34.     At or around the same time that CP Acquisition signed the First Amendment, CP Acquisition assigned its rights, title and interest to the Purchase Agreement and the First Amendment to CP Ocean and CP Lagoon with Posadas' express knowledge, consent and approval.

35.     Pursuant to a Second Amendment to Agreement of Purchase and Sale, dated as of March 5, 2020 (the "Second Amendment"), the parties mutually agreed to further adjourn the closing of the transaction from March 6, 2020 to March 17, 2020 upon Condado delivering an "Additional Extension Deposit" in the amount of $1 million (for a total down payment of $5.1 million) and agreeing to certain other modifications to the Purchase Agreement.

FILED: MONROE COUNTY CLERK 08/07/2020 05:27 PM
INDEX NO. E2020003158
NYSCEF DOC. NO. 73
20-12094-mew    Doc 12-5    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 5
Pg 24 of 37
RECEIVED NYSCEF: 08/07/2020

36.    One such modification was set forth in Section 2 of the Second Amendment, whereby Condado agreed to waive certain "conditions precedent" to closing; however, the waiver in the Second Amendment does not apply or extend to Posadas' affirmative obligations under the Purchase Agreement, including, without limitation, Posadas' obligation under Section 3.4(a) of the Purchase Agreement to exercise "commercially reasonable efforts" to maintain and operate the Hotel.

37.    In point of fact, in Section 6 of the Second Amendment, the parties re-affirmed that: (i) the purpose of the transaction was for Posadas to convey a going concern and (ii) Posadas remained obligated under Section 3.4(a) of the Purchase Agreement to use "commercially reasonable efforts" to maintain and operate the Hotel, providing that:

> Except as expressly amended, modified or superseded by this Amendment, the terms of the Purchase Agreement shall remain in full force and effect and are hereby ratified by the Seller and the Buyer.  Except as modified and amended by this Amendment, the Purchase Agreement and the respective obligations of Buyer and Seller thereunder shall remain unmodified and in full force and effect.

38.    At the time that the parties entered into the Second Amendment, the parties did not have sufficient knowledge or information as to the full extent to which the COVID-19 pandemic would destroy the Hotel's business and the tourism industry in Puerto Rico.

39.    Throughout the course of the parties' dealings with respect to this transaction, Posadas furnished and supplemented economic data to Condado in order to keep Condado informed as to the viability the Hotel, further demonstrating that the parties understood and agreed that the purpose of the transaction was for Condado to purchase a going concern and that it would be commercially impracticable for Condado to purchase the Hotel if Posadas could not deliver the Hotel as promised.

FILED: MONROE COUNTY CLERK 08/07/2020 05:27 PM
INDEX NO. E2020003156
NYSCEF DOC. NO. 75
20-12094-mew    Doc 12-5    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 5
Pg 25 of 37
RECEIVED NYSCEF: 08/07/2020

40.    On March 12, 2020, a state of emergency was declared in Puerto Rico in response to the COVID-19 global pandemic. On March 15, 2020, the Governor of Puerto Rico issued Administrative Bulletin No. OE-2020-023 (the "Executive Order"), pursuant to which the Governor imposed a curfew for everyone on island from March 15, 2020 to March 30, 2020, permitting individuals to transit or walk on public roads between 5:00 a.m. and 9:00 p.m. only in essential circumstances or emergency situations, and not to give or receive legal services or to close real property transactions.

41.    Pursuant to the Executive Order, the Governor also ordered the closure of government operations (except for those designated as essential services), as well as a total closure of all shopping centers, cinemas, clubs concert halls, theaters, gaming halls, casinos, amusement parks, gyms, bars or any similar place or event that encourages the gathering of a group of citizens in the same place.

42.    Failure to comply with the Executive Order by any person and/or company carried potentially criminal penalties, including imprisonment that would not exceed six (6) months or a fine that would not exceed five thousand dollars ($5,000.00) or both penalties at the court's discretion.

43.    Pursuant to a Third Amendment to Agreement of Purchase and Sale, dated as of March 17, 2020 (the "Third Amendment"), the parties once again mutually agreed to adjourn the closing date in light of the developing situation in Puerto Rico.  Under the Third Amendment, Posadas and Condado agreed that closing would take place on April 17, 2020 or five (5) business days following the applicable Governmental Authority permitting the operations of the Registry of Property, law firm offices and notary public in San Juan, whichever date was later, with an outside closing date of July 31, 2020; the parties entered into the Third Amendment, however, without

FILED: MONROE COUNTY CLERK 08/07/2020 05:27 PM

NYSCEF DOC. NO. 75

INDEX NO. E2020003156

RECEIVED NYSCEF: 08/07/2020

20-12094-mew    Doc 12-5    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 5
Pg 26 of 37

having knowledge or information as to the full extent to which the COVID-19 pandemic would destroy the Hotel's business or disrupt the tourism industry in Puerto Rico.

44.     Once again, the parties acknowledged and re-affirmed in Third Amendment that Posadas was required to use commercially reasonable efforts in maintaining and operating the Hotel, stating in Section 4 that unless as expressly amended, modified or superseded by the Third Amendment, "the Purchase Agreement and the respective obligations of Buyer and Seller thereunder shall remain unmodified and in full force and effect."

45.     After the parties entered into the Third Amendment, because the state of emergency was still in effect, the Governor issued several subsequent executive orders, extending the curfew and the order to close non-essential businesses and establishments, with certain limited exceptions. Pursuant Executive Order OE-2020-033, curfew and the closure of non-essential stores and businesses was extended through to and including May 3, 2020.

46.     On Friday, May 1, 2020, the Governor issued Executive Order OE-2020-038, maintaining the curfew restriction until May 25, 2020, but permitting the gradual reopening of some businesses under certain established parameters.  For example, Executive Order OE-2020-038 exempted certain services from closure, as long as they are offered in an emergency situation, the premises or establishment is not opened to the public, and measures are taken to guarantee health, safety and hygiene, including the non-crowding of people in offices.  Among the exempted services under Executive Order OE-2020-038 were "notary [services] for all types of transactions that are required in the ordinary course of business."

47.     By way of letter dated May 4, 2020, Posadas informed Condado that the closing on the sale of the Assets would be held on Monday, May 11, 2020 in-person at the offices of Posadas' counsel in San Juan, Puerto Rico.

FILED: MONROE COUNTY CLERK 08/07/2020 05:27 PM
NYSCEF DOC. NO. 79
INDEX NO. E2020003158
RECEIVED NYSCEF: 08/07/2020

20-12094-mew    Doc 12-5    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 5
Pg 27 of 37

48.     Scheduling the Closing for May 11, 2020 was improper for a number of separate and distinct reasons.  First, Posadas was not ready, willing or able to close because it could not deliver the Assets—the benefit of the bargain as expected by Condado.  Hotel occupancy for the months of November 2019, December 2019, and January 2020 was 29.6%, 38.6%, and 41.4%, respectively; while the average occupancy of the Hotel for the year ended on December 31, 2018 was 40.2%.  In stark contrast, Hotel occupancy as of May 11, 2020 was at almost zero percent (0%) because of the pandemic.

49.     Posadas had closed a portion of the Hotel entirely – which, upon information and belief, currently remains completely closed –, and terminated the employment of virtually all employees, except for a bare minimum "skeleton crew" necessary to guard the Hotel.  Posadas also stopped operating and closed all the Hotel's food and beverage establishments.

50.     Therefore, Posadas could not deliver the Hotel or the Assets as contemplated by the parties' and did not comply with its obligation under Section 3.4(a) of the Purchase Agreement to use commercially reasonable efforts to maintain and operate the Hotel prior to closing.

51.     Second, scheduling the closing on seven days' notice and requiring an in-person closing in San Juan, Puerto Rico was not only unreasonable considering the ongoing COVID-19 global pandemic, but it was impossible; Condado's authorized representative would have had to self-quarantine in Puerto Rico for 14 days if he travelled to the Commonwealth from the mainland in accordance with then-applicable government restrictions.

52.     Third, the May 11, 2020 in-person closing at Posadas' lawyer's office in Puerto Rico violated the shelter-in-place orders, governmental restrictions on non-essential business and social distancing guidelines promulgated in Puerto Rico and New York.

53.     Fourth, Posadas' lawyer's office in Puerto Rico was closed on May 11, 2020 in accordance with the Governor's Executive Orders.

54.     Condado articulated the basis for its position in letters to Posadas, dated May 6 and 7, 2020, and requested that Posadas withdraw from the May 11, 2020 closing. Posadas responded by way of letter dated May 7, 2020, wherein Posadas disagreed with the positions taken in Condado's May 6 and 7, 2020 letters, and stated that Posadas "expects Buyer to … close on May 11, 2020."

55.     Given Posadas' stated intention to proceed with the closing on May 11, 2020, Condado was compelled to seek immediate judicial intervention on an emergency basis to preserve its rights under the Purchase Agreement and its substantial investment otherwise risk Posadas terminating the transaction; with New York courts closed due to the global pandemic, Condado had no choice but to commence suit in Puerto Rico on an emergency basis because it was the only available venue with competent jurisdiction over the parties and the Assets, which Condado did on Friday, May 8, 2020. Critically, at the time of its filing, neither Condado nor Posadas could predict when the state courts of New York would re-open to all non-essential matters.

56.     In a letter dated May 11, 2020, Posadas unequivocally repudiated the Purchase Agreement stating that the Purchase Agreement was terminated because Condado did not appear for the closing on May 11, 2020 and demanded that the Escrow Agent release the $5.1 million down payment to it.

57.     In a letter dated May 11, 2020, Condado rejected Posadas' purported termination of the Purchase Agreement and the release of the Earnest Money for the reasons set forth in Condado's prior correspondence.

## FIRST COUNTERCLAIM
### (Breach of Contract: Specific Performance)

58.    Condado repeats, realleges and reasserts each of the foregoing paragraphs as though fully set forth herein.

59.    At all times relevant herein, the Purchase Agreement was and is a valid and enforceable contract between Posadas and Condado.

60.    Condado substantially performed its obligations under the Purchase Agreement, including, without limitation, delivering a down payment in the amount of $5.1 million to secure its rights to the Purchase Agreement and the Assets.

61.    At all times relevant herein, Condado was and is ready, willing and able to perform its remaining obligations under the Purchase Agreement, including closing on the transaction upon Posadas delivering the Hotel and the Assets as required under the letter and spirit of the Purchase Agreement.

62.    Posadas has failed to perform under the Purchase Agreement, i.e., by failing and/or refusing to deliver a viable and operational Hotel, and the remaining Assets which such failure constitutes a material breach of the Purchase Agreement.

63.    Posadas' actions or inactions threaten to damage Condado and deprive Condado of the contractually bargained-for benefits under the Purchase Agreement, namely, the transfer of the Hotel and the Assets, for which there is no adequate remedy at law.

64.    The Hotel is a special, unique and irreplaceable piece of real property; as Posadas recognizes in paragraph 18 of its Complaint, the Hotel is a waterfront resort overlooking the Atlantic Ocean and Condado Lagoon, and has been operational in San Juan, Puerto Rico since 1968. The Hotel is conveniently located minutes away from cruise piers, Old San Juan and the Luis Munoz Marin International Airport, and is within walking distance of shopping, dining, museums,

historic landmarks and recreational venues, and is a favored choice of tourists, professionals and international travelers.

65.     By reason of the foregoing, Condado is entitled to a judgment of specific performance compelling Posadas to close the transaction and convey a viable and operational Hotel to Condado in exchange for the purchase price.

## SECOND COUNTERCLAIM
**(Declaratory Judgment: Purchase Agreement Remains in Full Force and Effect)**

66.     Condado repeats, realleges and reasserts each of the foregoing paragraphs as though fully set forth herein.

67.     Under New York law, the doctrines of commercial impracticability and impossibility of performance apply when performance under a contract is rendered objectively impossible by an unanticipated event that could not have been foreseen or guarded against in the contract.

68.     Under New York law, the doctrine of frustration of purpose applies when there is a change in circumstances that makes one party's performance virtually worthless to the other, frustrating his purpose in making the contract.

69.     Under New York law, the doctrine of failure of consideration applies wherever one who has promised to give some performance fails without his or her fault to receive in some material respect the agreed quid pro quo for that performance.

70.     As set forth in greater detail above, Condado contends: (i) performance under the Purchase Agreement by Condado and Posadas was rendered objectively impossible by the COVID-19 pandemic, which was not, and could not, have been foreseen by the parties prior to entering into the Purchase Agreement; (ii) the COVID-19 pandemic changed the circumstances of the transaction to such an extent that the Assets were virtually worthless to Condado as of May 11, 2020, frustrating

FILED: MONROE COUNTY CLERK 08/07/2020 05:27 PM
INDEX NO. E2020003156
NYSCEF DOC. NO. 75
20-12094-mew    Doc 12-5    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 5
Pg 31 of 37
RECEIVED NYSCEF: 08/07/2020

the very purpose of the Purchase Agreement; (iii) without its fault and due to unforeseen circumstances, Posadas could not deliver the Assets on May 11, 2020, the agreed quid pro quo for which Condado agreed to pay $31 million; (iv) Condado was not obligated to close the transaction on May 11, 2020; and (v) the Purchase Agreement remains in full force and effect.

71.    As set forth in greater detail above, Posadas contends: (i) performance by Condado and Posadas under the Purchase Agreement was not rendered objectively impossible by the COVID-19 pandemic; (ii) the COVID-19 pandemic did not change the circumstances of the transaction to such an extent that the Assets were virtually worthless to Condado as of May 11, 2020; (iii) Posadas could have delivered the Assets on May 11, 2020; (iv) Condado was obligated to close the transaction on May 11, 2020; and (v) the Purchase Agreement is terminated and is of no force or effect.

72.    Based on the foregoing, an actual and justiciable controversy has arisen with respect to the parties' rights and obligations under the Purchase Agreement that is ripe for judicial adjudication.

73.    Accordingly, Condado seeks a declaratory judgment, declaring: (i) performance by Condado and Posadas under the Purchase Agreement was rendered objectively impossible by the COVID-19 pandemic, which was not, and could not, have been foreseen by the parties prior to entering into the Purchase Agreement; (ii) the COVID-19 pandemic changed the circumstances of the transaction to such an extent that the Assets were virtually worthless to Condado as of May 11, 2020, frustrating the very purpose of the Purchase Agreement; (iii) without its fault and due to unforeseen circumstances, Posadas could not deliver the Assets on May 11, 2020, the agreed quid pro quo for which Condado agreed to pay $31 million; (iv) Condado was not obligated to close the transaction on May 11, 2020; and (v) the Purchase Agreement remains in full force and effect.

FILED: MONROE COUNTY CLERK 08/07/2020 05:27 PM

NYSCEF DOC. NO. 75

20-12094-mew    Doc 12-5    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 5
Pg 32 of 37

INDEX NO. E2020003158

RECEIVED NYSCEF: 08/07/2020

## THIRD COUNTERCLAIM
### (Injunctive Relief)

74.    Condado repeats, realleges and reasserts each of the foregoing paragraphs as though fully set forth herein.

75.    Pursuant to New York Civil Practice Law and Rules § 6501, Condado is entitled to place a notice of pendency against the real property upon which the Hotel is situated because the judgment demanded by Condado in these counterclaims "would affect title to, or the possession, use or enjoyment of, real property."

76.    Pursuant to New York law, Condado is entitled to place a notice of pendency against the real property upon which the Hotel is situated because Condado acquired an equitable lien in such real property by delivering the $5.1 million down payment and is entitled to foreclose upon that lien to recover the down payment.

77.    Under New York law, New York courts may not decide issues affecting title to real property located outside of its territorial jurisdiction, but may issue injunctive relief enjoining parties to a New York litigation from transferring, conveying, selling or otherwise disposing of such real property.

78.    Condado will suffer irreparable harm in the absence of injunctive relief enjoining Posadas from disposing of the Hotel and the Assets during the pendency of this action; as set forth above, the Hotel is a special, unique and irreplaceable piece of real property, and the opportunity to own and operate the Hotel at a profit is a rare business opportunity.

79.    The equities balance in Condado's favor.

80.    Condado has no adequate remedy at law.

81.    By reason of the foregoing, Condado is entitled to injunctive relief, restraining and enjoining Posadas and its representatives, consultants, agents, employees and/or attorneys, and all

persons in active concert or participation with them from, directly or indirectly, encumbering, selling, assigning, transferring, pledging, hypothecating, divesting, dissipating, removing, disposing of and/or giving an interest in any of the Assets.

## FOURTH COUNTERCLAIM
### (Declaratory Judgment: Rescission of Purchase Agreement)

82.     Condado repeats, realleges and reasserts each of the foregoing paragraphs as though fully set forth herein.

83.     In the alternative to its causes of action for specific performance of the Purchase Agreement and declaratory judgment that the Purchase Agreement remains in full force and effect, Condado is entitled to the rescission of the Purchase Agreement under the doctrines of commercial impracticability and impossibility of performance, frustration of purpose and failure of consideration.

84.     Based on the foregoing, Condado is entitled to a judicial declaration, declaring that: (i) the Purchase Agreement is rescinded and of further force or effect under the doctrines of commercial impracticability and impossibility of performance, frustration of purpose and failure of consideration; and (ii) Condado is entitled to the return of its down payment in the amount of $5.1 million from the Escrow Agent.

## FIFTH COUNTERCLAIM
### (Foreclosure of Contract Vendee's Lien)

85.     Condado repeats, realleges and reasserts each of the foregoing paragraphs as though fully set forth herein.

86.     In the alternative to its causes of action for specific performance of the Purchase Agreement and declaratory judgment that the Purchase Agreement remains in full force and effect,

Condado is entitled to foreclose on its contract vendee's lien in the Assets to recover its $5.1 million down payment.

87.     Under New York law, Condado acquired a valid and enforceable equitable contract vendee's lien in the Assets in the amount of $5.1 million.

88.     Posadas has failed and/or refused to consent to the return of the $5.1 million down payment to Condado and, as a result, Condado's contract vendee's lien has not been discharged in any amount.

89.     Condado's vendee's lien has not expired or been cancelled and remains in full force and effect as of this date.

90.     Based on the foregoing, Condado has a valid claim on its contract vendee's lien and may foreclose on said lien in order to recoup the outstanding monies it is owed by Posadas in the amount of $5.1 million.

**WHEREFORE**, Defendants/Counterclaim-Plaintiffs Condado Plaza Acquisition, LLC, Condado Plaza Acquisition Lagoon, LLC and Condado Plaza Acquisition Ocean, LLC demand judgment in their favor and against Plaintiff Posadas De Puerto Rico Associates, L.L.C. as follows:

A.     Dismissing Plaintiff's Complaint in its entirety with prejudice;

B.     On the First Counterclaim, a judgment of specific performance compelling Posadas to close the transaction and convey a viable and operational Hotel to Condado in exchange for the purchase price;

C.     On the Second Counterclaim, a declaratory judgment, declaring that: (i) performance by Condado and Posadas under the Purchase Agreement was rendered objectively impossible by the COVID-19 pandemic, which was not, and could not, have been foreseen by the parties prior to entering into the Purchase Agreement;

FILED: MONROE COUNTY CLERK 08/07/2020 05:27 PM
INDEX NO. E2020003158

NYSCEF DOC. NO. 75
RECEIVED NYSCEF: 08/07/2020

20-12094-mew    Doc 12-5    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 5
Pg 35 of 37

(ii) the COVID-19 pandemic changed the circumstances of the transaction to such an extent that the Assets were virtually worthless to Condado as of May 11, 2020, frustrating the very purpose of the Purchase Agreement; (iii) without its fault and due to unforeseen circumstances, Posadas could not deliver the Assets on May 11, 2020, the agreed quid pro quo for which Condado agreed to pay $31 million; (iv) Condado was not obligated to close the transaction on May 11, 2020; and (v) the Purchase Agreement remains in full force and effect;

D.      On the Third Counterclaim, granting Condado injunctive relief, restraining and enjoining Posadas and its representatives, consultants, agents, employees and/or attorneys, and all persons in active concert or participation with them from, directly or indirectly, encumbering, selling, assigning, transferring, pledging, hypothecating, divesting, dissipating, removing, disposing of and/or giving an interest in any of the Assets.

E.      On the Fourth Counterclaim, in the alternative to its causes of action for specific performance of the Purchase Agreement and declaratory judgment that the Purchase Agreement remains in full force and effect, a judicial declaration, declaring that: (i) the Purchase Agreement is rescinded and of further force or effect under the doctrines of commercial impracticability and impossibility of performance, frustration of purpose and failure of consideration; and (ii) Condado is entitled to the return of its down payment in the amount of $5.1 million from the Escrow Agent;

F.      On the Fifth Counterclaim, in the alternative to its causes of action for specific performance of the Purchase Agreement and declaratory judgment that the

FILED: MONROE COUNTY CLERK 08/07/2020 05:27 PM
NYSCEF DOC. NO. 75

INDEX NO. E2020003158

RECEIVED NYSCEF: 08/07/2020

20-12094-mew   Doc 12-5   Filed 09/11/20   Entered 09/11/20 15:52:21   Exhibit 5
Pg 36 of 37

Purchase Agreement remains in full force and effect, the foreclosure of Condado's

contract vendee's lien in the amount of $5.1 million;

G.   Awarding Condado its reasonable attorneys' fees, interest, disbursements and costs

of suit; and

H.   Granting Condado such other and further relief as this Court deems just, equitable

and proper.

Dated: New York, New York
       August 7, 2020

**TARTER KRINSKY & DROGIN, LLP**
*Attorneys for Defendants/Counterclaim-Plaintiffs*

By:_____
Anthony D. Dougherty
Jonathan E. Temchin
1350 Broadway
New York, New York 10018
Tel.: (212) 216-8000
Email: adougherty@tarterkrinsky.com
Email: jtemchin@tarterkrinsky.com

FILED: MONROE COUNTY CLERK 08/07/2020 05:27 PM
INDEX NO. E2020003158

NYSCEF DOC. NO. 75

RECEIVED NYSCEF: 08/07/2020

20-12094-mew    Doc 12-5    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 5
Pg 37 of 37

## **VERIFICATION**

Pursuant to New York Civil Practice Law and Rules Rule 2106(b), I affirm this 7th day of August, 2020, under the penalties of perjury under the laws of the State of New York, which may include a fine or imprisonment, that I am physically located outside the geographic boundaries of the United States, Puerto Rico, the United States Virgin Islands or any territory or insular possession subject to the jurisdiction of the United States; that I am a principal of Condado Plaza Acquisition, LLC, Condado Plaza Acquisition Lagoon, LLC and Condado Plaza Acquisition Ocean, LLC, the defendants/counterclaim-plaintiffs in the within action; that I have read the annexed Verified Answer With Counterclaims, know the contents thereof, and the same is true to my knowledge except as to the matters therein stated to be alleged upon information and belief and, as to those matters, I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon books and records maintained by defendants/counterclaim-plaintiffs, which are in my custody and control.

I understand that this document may be filed in any action or proceeding in a court of law.

_____

Roys Poyiadjis