# EXHIBIT 11

FILED: MONROE COUNTY CLERK 08/26/2020 05:01 PM

NYSCEF DOC. NO. 104

INDEX NO. E2020003156

RECEIVED NYSCEF: 08/26/2020

20-12094-mew    Doc 12-11    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 11
Pg 2 of 28

MONROE COUNTY CLERK'S OFFICE                    THIS IS NOT A BILL. THIS IS YOUR RECEIPT.

Receipt # 2473364

Book    Page    CIVIL

Return To:
AARON H. MARKS                                 No. Pages: 27
601 Lexington Avenue
NEW YORK, NY 10022                             Instrument: EXHIBIT(S)

Control #:       202008261338
Index #:         E2020003156

Date: 08/26/2020

Posadas de Puerto Rico Associates, L.L.C.      Time: 5:02:35 PM

Condado Plaza Acquisition, LLC
Condado Plaza Acquisition Lagoon, LLC
Condado Acquisition Plaza Ocean, LLC

Total Fees Paid:                    $0.00

Employee:

State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS
ENDORSEMENT, REQUIRED BY SECTION 317-a(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

JAMIE ROMEO

MONROE COUNTY CLERK



# EXHIBIT E

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: FOURTH JUDICIAL DEPARTMENT

POSADAS DE PUERTO RICO ASSOCIATES, L.L.C.,

                      Plaintiff-Respondent,

           -against-

CONDADO PLAZA ACQUISITION, LLC,
CONDADO PLAZA ACQUISITION LAGOON, LLC and
CONDADO PLAZA ACQUISITION OCEAN, LLC,

               Defendants-Appellants.

App. Div. Docket No.:

Monroe County Clerk's Index No.:
E2020003156

**DEFENDANTS-APPELLANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
EMERGENCY APPLICATION FOR INTERIM STAY AND
TO MODIFY, LIMIT, VACATE OR STAY THE PRELIMINARY INJUNCTION**

Tarter Krinsky & Drogin LLP
*Attorneys for Defendants-Appellants*
1350 Broadway
New York, New York 10018
(212) 216-8000

FILED: MONROE COUNTY CLERK 08/26/2020 05:01 PM
NYSCEF DOC. NO. 104

INDEX NO. E2020003156
RECEIVED NYSCEF: 08/26/2020

20-12094-mew    Doc 12-11    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 11
Pg 5 of 28

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

INTRODUCTION ..................................................................................................................... 1

BACKGROUND ....................................................................................................................... 3

STATEMENT OF FACTS ........................................................................................................ 5

ARGUMENT ............................................................................................................................. 5

   I.   STANDARD OF REVIEW .......................................................................................... 5

   II.  THIS COURT SHOULD STAY, LIMIT, MODIFY OR
       VACATE THE ANTI-SUIT INJUNCTION ORDER ................................................ 7

      A.  Condado Will Likely Prevail on the Merits ............................................................ 7

      B.  The Trial Court Should Have Given Deference
           to the Properly Initiated First Filed Action in Puerto Rico ............................................ 9

      C.  The Trial Court Should Not Have Granted the Anti-Suit Injunction ......................... 12

   III. APPELLANTS WILL SUFFER IRREPARABLE HARM
       IF THE LOWER COURT'S PRELIMIANRY INJUNCTION STANDS ...................... 15

   IV. A BALANCING OF THE EQUITIES WEIGHS
       IN FAVOR OF APPELLANTS' REQUESTED RELIEF ............................................. 16

   V.  THIS COURT SHOULD EXERCISE ITS INHERENT
       AUTHORITY TO STAY ALL PROCEEDINGS BEFORE
       THE TRIAL COURT PENDING APPEAL ............................................................... 17

CONCLUSION ........................................................................................................................ 19

FILED: MONROE COUNTY CLERK 08/26/2020 05:01 PM
INDEX NO. E2020003156
NYSCEF DOC. NO. 104
20-12094-mew    Doc 12-11    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 11
RECEIVED NYSCEF: 08/26/2020
Pg 6 of 28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 85-02 Queens Blvd. Assocs.*,
    212 B.R. 451 (E.D.N.Y. 1997) ...........................................................11

*Ace Property & Cas. Ins. Co. v. Federal-Mogul Corp.*,
    55 A.D.3d 479, 866 N.Y.S.2d 188 (1st Dep't 2008) ...........................10

*Bailey v. Fish & Neave*,
    8 N.Y.3d 523 (2007) .........................................................................2, 7

*Broadwall America, Inc. v. Brum Will-El LLC*,
    32 A.D.3d 748, 821 N.Y.S.2d 190 (1st Dep't 2006) .............................6

*Carlyle CIM Agent, L.L.C. v. Trey Resources I, LLC*,
    148 A.D.3d 562 (1st Dep't 2017) .......................................................12

*Clark Tower, LLC v. Wells Fargo Bank, N.A.*,
    178 A.D.3d 547, 114 N.Y.S.3d 339 (1st Dep't 2019) ..........................10

*Conduent Business Services v. Skyview Capital LLC*,
    C.A. No. 2020-0232-JTL .....................................................................9

*Destiny USA Holdings, LLC v. Citigroup Global Markets Realty Corp.*,
    69 A.D.3d 212, 889 N.Y.S.2d 793 (4th Dep't 2009) ...........................15

*Farmers' Loan & Trust Co. v. Lake S.E.R. Co.*,
    177 U.S. 51 (1900).............................................................................10

*Felix v. Brand Service Group, LLC*,
    101 A.D.3d 1724, 957 N.Y.S.2d 545 (4th Dep't 2012).......................17

*Flintkote Co. v. American Mut. Liability Ins. Co.*,
    103 A.D.2d 501, 480 N.Y.S.2d 742 (2d Dep't 1984)..........................10

*Fugelsang v. Fugelsang*,
    131 A.D.2d 810, 517 N.Y.S.2d 176 (2d Dep't 1987)..........................16

*Hart v. Wallis*,
    Case No.: 4:20-cv-00552, 2020 WL 2467799 (E.D. Mo. May 13, 2020) ................9

FILED: MONROE COUNTY CLERK 08/26/2020 05:01 PM
INDEX NO. E2020003156
NYSCEF DOC. NO. 104
20-12084-mew Doc 12-11 Filed 09/11/20 Entered 09/11/20 15:52:21 Exhibit 11
RECEIVED NYSCEF: 08/26/2020
Pg 7 of 28

*Humane Soc. of U.S. v. County of Monroe*,
192 A.D.2d 1139, 596 N.Y.S.2d 222 (4th Dep't 1993) .......................................... 6

*Indosuez Int'l Fin., B.V. v. Nat'l Reserve Bank*,
304 A.D.2d 429, 758 N.Y.S.2d 308 (1st Dep't 2003) (unlike here, the
defendant filed civil suits in Russia after the New York State Court of Appeals
had determined that the forum selection clauses in the parties' agreements
were valid and enforceable) .................................................................................. 13

*Indosuez Intern. Finance B.V. v. Nat'l Reserve Bank*,
263 A.D.2d 384, 693 N.Y.S.2d 33 (1st Dep't 1999) ............................................. 12

*Interboro Operation Corporation v. Com. Sec. & Mortg. Corp.*,
269 N.Y. 56 (1935) .............................................................................................. 11

*Interested Underwriters at Lloyds v. H.D.I. III Assocs.*,
213 A.D.2d 246, 623 N.Y.S.2d 871 (1st Dep't 1995) ........................................... 13

*IRB-Brasil Resseguros S.A. v. Portobello Int'l Ltd.*,
59 A.D.3d 366, 874 N.Y.S.2d 79 (1st Dep't 2009) .............................................. 13

*Jay Franco and Sons Inc. v. G Studios, LLC*,
34 A.D.3d 297 825 N.Y.S.2d 20 (1st Dep't 2006) ............................................... 13

*Kel Kim Corp. v. Central Markets, Inc.*,
70 N.Y.2d 900, 524 N.Y.S.2d 384 (1987) ............................................................ 16

*Kemper Mortg., Inc. v. Russell*,
Civil Action No.: 3:06-CV-042, 2006 WL 355613 (S.D. Ohio, Feb. 16, 2006) ........ 8

*LAIF X SPRL v. Axtel, S.A. de C.V.*,
390 F.3d 194 (2d Cir. 2004) .................................................................................. 12

*McDonnell Douglas Corp. v. Islamic Republic of Iran*,
758 F.2d 341 (8th Cir. 1985) .................................................................................. 8

*Mechoshade Corp. v. Designed Performance Assocs., Inc.*,
11 Misc. 3d 1081(A) (Sup. Ct., Queens Co., 2006) ............................................... 12

*Moss v. BMO Harris Bank, N.A.*,
114 F. Supp. 3d 61 (E.D.N.Y. 2015), *aff'd* 835 F.3d 260 (2d Cir. 2016) .................. 8

*One Flint St. LLC v. Exxon Mobil Corp.*,
145 A.D.3d 1490, 44 N.Y.S.3d 288 (4th Dep't 2016) ........................................... 14

FILED: MONROE COUNTY CLERK 08/26/2020 05:01 PM
NYSCEF DOC. NO. 104
INDEX NO. E2020003156
RECEIVED NYSCEF: 08/26/2020

20-12094-mew    Doc 12-11    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 11
Pg 8 of 28

*In re Perceptron, Inc. (Vogelsong)*,
    34 A.D.2d 1215 (4th Dep't 2006) ........................................................................2

*In re Perceptron, Inc. (Vogelsong)*,
    34 A.D.3d at 1215 .......................................................................................9, 12

*Personal Sportswear v. Silverstein*,
    Index No.: 24851/1981, 1982 WL 11247 (Sup. Ct., NY Co., Mar. 24, 1982),
    *aff'd* 91 A.D.2d 507, 456 N.Y.S.2d 372 (1st Dep't 1982) ........................................13

*PPF Safeguard, LLC v. BCR Safeguard Holding, LLC*,
    85 A.D.3d 506, 924 N.Y.S.2d 391 (1st Dep't 2011) ..............................................16

*Provident Bank v. Community Home Mortg. Corp.*,
    Civil Action No. 02-CV-5219, 2005 WL 1801654 (E.D.N.Y. July 28, 2005) ........................10

*Rhodes v. Mosher*,
    115 A.D.2d 351, 502 N.Y.S.2d 558 (4th Dep't 1985) ..............................................6

*Romano v. Sullivan County Harness Racing Ass'n, Inc.*,
    106 A.D.2d 819, 484 N.Y.S.2d 209 (3d Dep't 1984) ..............................................6

*Ruttenberg v. Davidge Data Sys. Corp.*,
    215 A.D.2d 191, 626 N.Y.S.2d 174 (1st Dep't 1995) ..............................................7

*In re Salomon Inc. Shareholders' Derivative Litig.*,
    68 F.3d 554 (2d Cir. 1995)............................................................................7

*Sarepa, S.A. v. Pepsico, Inc.*,
    225 A.D.2d 604, 639 N.Y.S.2d 128 (2d Dep't 1996) ..............................................12

*Schwartz v. New York City Housing Authority*,
    219 A.D.2d 47, 641 N.Y.S.2d 885 (2d Dep't 1996) ..............................................17

*Seitzman v. Hudson River Associates*,
    126 A.D.2d 211, 513 N.Y.S.2d 148 (1st Dep't 1987) ..............................................15

*Skyview Capital LLC v. Conduent Business Services*,
    Index No.: 650761/2020 ..............................................................................9

*Somo Audience Corp. V. Perloff*,
    Index No.: 652354/2019, 2019 WL 3557508 (Sup. Ct., NY Co., Aug, 2, 2019) ..................12

*Tax Equity Now NY LLC v. City of New York*,
    173 A.D.3d 464 104 N.Y.S.3d 50 (1st Dep't 2019) ..............................................17

FILED: MONROE COUNTY CLERK 08/26/2020 05:01 PM
NYSCEF DOC. NO. 104

INDEX NO. E2020003156

RECEIVED NYSCEF: 08/26/2020

20-12094-mew    Doc 12-11    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 11
Pg 9 of 28

*Third Church of Christ, Scientist, of New York City v. New York City,*
    617 F. Supp. 2d 201 (S.D.N.Y. 2008), *aff'd*, 626 F.3d 667 (2d Cir. 2010) ..................... *passim*

*Vincent v. Seaman,*
    152 A.D.2d 841, 544 N.Y.S.2d 227 (3d Dep't 1980) ............................................................ 15

**Statutes**

New York Civil Practice Law Section 5518 and 5519(c) ............................................................ 1

**Other Authorities**

CPLR § 5518 ............................................................................................................................ 5, 6

CPLR § 5519(c) ......................................................................................................................... 6

FILED: MONROE COUNTY CLERK 08/26/2020 05:01 PM
NYSCEF DOC. NO. 104

INDEX NO. E2020003156
RECEIVED NYSCEF: 08/26/2020

20-12094-mew    Doc 12-11    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 11
Pg 10 of 28

## PRELIMINARY STATEMENT

Defendant-Appellants Condado Plaza Acquisition, LLC, Condado Plaza Acquisition Lagoon, LLC and Condado Plaza Acquisition Ocean, LLC (collectively, "Appellants" or "Condado") respectfully submit this memorandum of law in support of their motion for an interim stay of the proceedings in this action and to modify, limit, vacate or stay the preliminary injunction pursuant to Section 5518 and 5519(c) of the New York Civil Practice Law and Rules ("CPLR") pending the determination of Condado's forthcoming appeal from the Order of the Supreme Court of the State of New York, County of Monroe (Hon. J. Scott Odorisi, J.S.C.) (the "trial court"), granting Plaintiff-Respondent's motion for a Preliminary Injunction (Motion Sequence No. 1) decided July 9, 2020 and entered in the Office of the Clerk of the County of Monroe on July   , 2020 (the "Order"). An appeal was taken from the Order on July   , 2020.

## INTRODUCTION

On July 16, 2020, the trial court entered an unprecedented anti-suit injunction (the "Anti-Suit Injunction Order") that constrains the fundamental rights of Condado to proceed with properly commenced litigation before a court of competent jurisdiction in Puerto Rico. The Anti-Suit Injunction Order not only prohibits Appellants from continuing to prosecute a prior pending civil action in the Commonwealth of Puerto Rico ("First Filed Action") against Plaintiff-Respondent Posadas De Puerto Rico Associates, L.L.C. ("Respondent") concerning the same subject matter, transactions and claims before the trial court below, the Anti-Suit Injunction Order goes a step further and grants Respondent a dispositive mandatory injunction, requiring Appellants to go to the court in Puerto Rico, and obtain the dismissal of the First Filed Action and the release or expungement of a *lis pendens* granted by Puerto Rico court. This extraordinary relief is not supported by the authority cited by the trial court in its written decision and flies in the face of

FILED: MONROE COUNTY CLERK 08/26/2020 05:01 PM
INDEX NO. E2020003156
NYSCEF DOC. NO. 104
20-12094-mew    Doc 12-11    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 11
Pg 11 of 28
RECEIVED NYSCEF: 08/26/2020

controlling precedent and the plain language in the written agreement governing the parties' dispute.

*First*, the trial court did not follow *Bailey v. Fish & Neave*, 8 N.Y.3d 523, 528 (2007), which sets forth the well-established principle that when parties memorialize their agreement in a clear, complete written document, as Appellants and Respondent did here, the writing should be enforced according to all of its terms. While the trial court based its determination on the fact that Section 14.14 of the Agreement of Purchase and Sale, dated as of November 20, 2019 (the "Purchase Agreement"), contains a forum selection clause (the "Forum Clause"), providing for venue in the "Supreme Court of the State of New York," the trial court gave no significance whatsoever to Section 14.15, omitting any analysis of Section 14.15 in its written decision.

Section 14.15 contains a severability clause (the "Severability Clause"), providing that if a provision of the Purchase Agreement is unenforceable, that provision is severed from the Purchase Agreement, with the rest of the agreement remaining in full force and effect. In its written decision, the trial court acknowledged that the Forum Clause was unenforceable at the time that Appellants commenced the First Filed Action on May 8, 2020 because New York state courts were inaccessible and not accepting new non-essential filings. Therefore, the trial court should have construed the Purchase Agreement by giving effect to all of its terms – not just the Forum Clause – and ruled that the Forum Clause was severed from the Purchase Agreement under the Severability Clause and that the First Filed Action should continue to be prosecuted in Puerto Rico.

*Second*, the trial court did not follow this Court's precedent in *In re Perceptron, Inc. (Vogelsong)*, 34 A.D.2d 1215 (4th Dep't 2006). *In re Perceptron* stands for the proposition that under general principles of comity New York trial courts should not interfere with a first filed action properly commenced in another jurisdiction. That is precisely the case here – with the

FILED: MONROE COUNTY CLERK 08/26/2020 05:01 PM
INDEX NO. E2020003156
NYSCEF DOC. NO. 104
20-12094-mew    Doc 12-11    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 11
Pg 12 of 28
RECEIVED NYSCEF: 08/26/2020

Forum Clause unenforceable and severed from the Purchase Agreement under the Severability Clause, Appellants appropriately commenced the First Filed Action in Puerto Rico, the only available court with competent jurisdiction, because New York state courts were inaccessible to new non-essential filings on May 8, 2020. The trial court further erred by not giving deference to the court in Puerto Rico under the first-in-time rule and general principles of comity since the First Filed Action was, in fact, properly commenced in Puerto Rico and the Forum Clause was severed from the Purchase Agreement.

*Third*, the trial court's grant of the anti-suit injunction based on the mere presence of the Forum Clause flies in the face of well-settled authority. Indeed, in order to enjoin Appellants from prosecuting a properly filed prior pending action, Respondent is required to establish that the First Filed Action was brought in bad faith, or motivated by fraud or an intent to harass, or if its purpose was to evade the law of the domicile of the parties. The trial court expressly found that the First Filed Action was brought in good faith by Condado and was not an attempt to evade New York laws because the Forum Clause was unenforceable. The trial court nevertheless ruled contrary to case law by granting an anti-suit injunction and other mandatory injunctive relief.

The Anti-Suit Injunction Order grants extraordinary and unwarranted relief, and its implications will have a devastating and irreparable impact.

## **BACKGROUND**

On November 20, 2019, Condado and Respondent entered into the Purchase Agreement for the purchase and sale of the Condado Plaza Hilton (the "Hotel") for a purchase price of $31,000,000. Section 2.1(b) of Purchase Agreement sets forth the assets to be conveyed to Condado under the transaction including, but not limited to: (i) all assets related to the Hotel's operations, including all books and records, guest files, guest lists, telephone exchange numbers

FILED: MONROE COUNTY CLERK 08/26/2020 05:01 PM
NYSCEF DOC. NO. 104

INDEX NO. E2020003156

RECEIVED NYSCEF: 08/26/2020

20-12094-mew    Doc 12-11    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 11
Pg 13 of 28

and rights to future bookings; (ii) all moveable personalty for the operation of the Hotel, such as, beds, desks, chairs, sofas, beds, computers, laptops, food, beverages and engineering, office, maintenance and housekeeping supplies, etc.; (iii) the Hotel's intellectual property and any and all goodwill associated therewith, including the name "El Condado Plaza," and trademarks, copyrights, logos and designs; (iv) any and all transferrable licenses and permits issued by governmental authorities for conducting business as a Hotel; (v) rights with respect to certain lease agreements; (vi) the Hotel's rights and obligations under the collective bargaining agreement(s) with union employees; and (vii) the real property upon which the Hotel is situated (collectively, the "Assets").

Due to the global pandemic, Respondent fired or furloughed its staff, guest files, guest lists and rights to future bookings and all goodwill associated with the Hotel, among other things, are non-existent. Consequently, Respondent could not deliver the benefit of Appellants' bargain under the Purchase Agreement because the Hotel essentially is but a mere shell of the Hotel that existed at the time the Purchase Agreement was executed by the parties. Consequently, the Respondent could not convey the benefit of the bargain to Condado at the time of the closing set by Respondent. As such, Appellant had no obligation to close at that time under the doctrines of failure of consideration, commercial impracticability, and frustration of purpose. Respondent, however, refused to recognize their inability to deliver the benefit of the bargain and insisted on closing on May 11, 2020, threatening to terminate the Purchase Agreement if Appellants did not close on May 11, 2020 and to keep the contract deposit totaling 5.1 million dollars. Appellants, therefore, were compelled to commence the First Filed Action on May 8, 2020 and apply to the court in Puerto Rico for a *lis pendens* to preserve Appellants' right to this unique piece of property.

FILED: MONROE COUNTY CLERK 08/26/2020 05:01 PM

NYSCEF DOC. NO. 104

Index #: E2020003156

RECEIVED NYSCEF: 08/26/2020

20-12094-mew    Doc 12-11    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 11

Pg 14 of 28

The Anti-Suit Injunction Order, as designed, will cause Appellants to suffer immediate irreparable harm. In the absence of the *lis pendens*, there is no longer a cloud on title to the Hotel, and, as such, Respondent is free to convey the Hotel to a third-party, forever depriving Appellants of their valuable contractually bargained-for right to purchase a unique piece of property pursuant to the terms of the Purchase Agreement, for which there is no adequate remedy at law. It is imperative that this Court intercede to preserve the status quo so the Hotel can be conveyed to Appellants if Appellants are successful in their litigation against Respondent.

To put it simply, the Anti-Suit Injunction Order was issued in error and this Court should modify, limit, vacate or stay the Anti-Suit Injunction Order on an interim basis pending this Court's determination of Appellants' appeal, along with any proceedings to enforce the Anti-Suit Injunction Order, to preserve the status quo and prevent Appellants from suffering irreparable harm. Furthermore, in the interests of judicial economy and the resources of the parties, this Court should exercise its inherent power to stay all deadlines, proceedings and discovery before the trial court below pending Appellants' appeal.

## STATEMENT OF FACTS

The facts relevant to this application are set forth in the Affirmation of Anthony D. Dougherty, dated July 20, 2020 ("Dougherty Aff." or "Dougherty Affirmation"), and the exhibits annexed thereto, which are incorporated herein by reference.

## ARGUMENT

### I.    STANDARD OF REVIEW

The trial court granted an anti-suit injunction that violates, *inter alia*, Appellants' due process rights and inflicts immediate, irreparable injury. Under CPLR § 5518, this Court has the power to grant, modify, limit, and vacate the ant-suit injunction while the Ant-Suit Injunction

FILED: MONROE COUNTY CLERK 08/26/2020 05:01 PM INDEX NO. E2020003156

NYSCEF DOC. NO. 104    20-12094-mew    Doc 12-11    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 11    RECEIVED NYSCEF: 08/26/2020

Pg 15 of 28

Order is on appeal (i.e., after a notice of appeal has been filed and served). In effect, this Court has the same power that the trial court has during the action's pretrial and trial stage. *See*, *e.g.*, *Humane Soc. of U.S. v. County of Monroe*, 192 A.D.2d 1139, 596 N.Y.S.2d 222 (4th Dep't 1993) (vacating preliminary injunction pursuant to CPLR § 5518 because the plaintiff failed to show likelihood of success on the merits); *Broadwall America, Inc. v. Brum Will-El LLC*, 32 A.D.3d 748, 821 N.Y.S.2d 190 (1st Dep't 2006) (interim relief granted under CPLR § 5518 pending application for stay pending appeal). An application to this Court for relief pending resolution of an appeal under CPLR § 5518 is reviewed *de novo*, using the same standards as applied by the trial court in respect of the original order. *See Romano v. Sullivan County Harness Racing Ass'n, Inc.*, 106 A.D.2d 819, 484 N.Y.S.2d 209 (3d Dep't 1984); *see also Humane Soc. of U.S.*, 192 A.D.2d at 1139.

Similarly, CPLR § 5519(c) grants this Court the authority to stay all actions or proceedings to enforce the Anti-Suit Injunction Court, including any action or proceeding requiring Appellants to dismiss the First Filed Action or to obtain the release or expungement of the *lis pendens* ordered by the court in Puerto Rico. *See*, *e.g.*, *Rhodes v. Mosher*, 115 A.D.2d 351, 502 N.Y.S.2d 558 (4th Dep't 1985) (recognizing that the appellate division may stay the enforcement of a trial court order through CPLR § 5519(c)).

Under these standards, this Court should vacate, limit, modify or stay the Anti-Suit Injunction on an interim basis pending Appellants' appeal of the Anti-Suit Injunction Order for the reasons set forth in more detail below.

FILED: MONROE COUNTY CLERK 08/26/2020 05:01 PM
INDEX NO. E2020003156
NYSCEF DOC. NO. 104
20-12094-mew    Doc 12-11    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 11
RECEIVED NYSCEF: 08/26/2020
Pg 16 of 28

## II.  THIS COURT SHOULD STAY, LIMIT, MODIFY OR VACATE THE ANTI-SUIT INJUNCTION ORDER

### A.  Condado Will Likely Prevail on the Merits

Condado will likely prevail on appeal after establishing that the trial court failed to read the Purchase Agreement as a whole to ensure that undue emphasis is not placed upon particular words and phrases and to give effect to all terms and conditions of the Purchase Agreement. To be sure, the trail court failed to give effect to the Severability Clause and find that the Forum Clause was severed from the Purchase Agreement as unenforceable.  Under the Severability Clause, any unenforceable provision is severed from the Purchase Agreement and:

> the remainder of this Agreement or the application of such term or provision to persons or circumstances other than those as to which it is held invalid or **_unenforceable_** shall not be affected thereby, and each term and provision of this Agreement shall be valid and enforceable to the fullest extent permitted by Applicable Law (emphasis added).

(Dougherty Aff., Ex. C, § 14.15).

It is axiomatic that the trial court is required to construe the Purchase Agreement "as a whole to ensure that undue emphasis is not placed upon particular words and phrases" and to give effect to all of its terms and conditions, including the Severability Clause. *Bailey v. Fish & Neave*, 8 N.Y.3d 523, 528, 837 N.Y.S.2d 600, 603 (2007); *Ruttenberg v. Davidge Data Sys. Corp.*, 215 A.D.2d 191, 196, 626 N.Y.S.2d 174, 177 (1st Dep't 1995).  Indeed, there is no dispute that the Purchase Agreement was the product of arm's length negotiations between sophisticated business entities represented by legal counsel, who bargained for and agreed that if any particular provision of the Purchase Agreement was invalid or unenforceable that provision would be severed from the Purchase Agreement under the Severability Clause.  Moreover, courts have routinely held that a party is not bound by a forum selection clause if the designated forum is unavailable. *See, e.g.*, *In re Salomon Inc. Shareholders' Derivative Litig.*, 68 F.3d 554, 558 (2d Cir. 1995) (refusing to

enforce arbitration provision and permitting the dispute to proceed in federal court because arbitral forum was unavailable); *Moss v. BMO Harris Bank, N.A.*, 114 F. Supp. 3d 61, 67 (E.D.N.Y. 2015), *aff'd* 835 F.3d 260 (2d Cir. 2016) (unavailability of designated exclusive forum rendered arbitration clause unenforceable); *Kemper Mortg., Inc. v. Russell*, Civil Action No.: 3:06-CV-042, 2006 WL 355613, at *3 (S.D. Ohio, Feb. 16, 2006) (court could exercise jurisdiction where forum selection clause designated non-existent forum as exclusive forum); *McDonnell Douglas Corp. v. Islamic Republic of Iran*, 758 F.2d 341, 346 (8th Cir. 1985) (court could exercise jurisdiction where Islamic revolution rendered Iranian courts unavailable to hear claims).

The trial court did not give any weight to the Severability Clause in the Anti-Suit injunction Order; rather, the trial court in sum and substance ruled that the mere presence of the Forum Clause precluded suit in Puerto Rico despite the fact that New York courts were inaccessible when Appellants filed their action in Puerto Rico. This is reversible error because the Severability Clause required the trial court to sever Forum Clause from the Purchase Agreement once the Forum Clause became unenforceable at the time that Appellants commenced suit in Puerto Rico on May 8, 2020. The trial court even acknowledged at oral argument and in its written decision that the Forum Clause was unenforceable on May 8, 2020 because New York courts were unavailable, and that Appellants properly initiated the First Filed Action. (Dougherty Aff., Ex. Q, 20:25-21:1-4; Ex. A, p. 19, n. 5 "It is uncontroverted that the COVID-19 pandemic precluded Defendants from commencing an action in New York on May 8, 2020").

Since it was unenforceable at the time that Appellants commenced suit in Puerto Rico, the Severability Clause required the Forum Clause to be severed from the Purchase Agreement. Had the trial court construed the Purchase Agreement to give effect to all of its terms, which it was required to do, the trial court should have found that the parties are no longer contractually bound

to maintain their lawsuit in New York under the Forum Clause regardless of whether New York courts subsequently became available.[1]

**B.      The Trial Court Should Have Given Deference to the Properly Initiated First Filed Action in Puerto Rico**

Once the trail court found that the Forum Selection Clause was unenforceable, (which it did), it should have given deference to the court in Puerto Rico under general principles of comity and the "first-in-time" rule.  As the Fourth Department stated in *In re Perceptron, Inc. (Vogelsong)*, 34 A.D.3d at 1215, when it affirmed the trial court's application of the first-in-time rule in declining to issue an anti-suit injunction in connection with a prior pending proceeding in Michigan:

> As a matter of New York State policy, the rule has been stated that proceedings begun in another State should not be interfered with unless there is some necessity shown.  Generally the court which has first taken jurisdiction is the one in which the matter should be determined and it is a violation of the rules of comity to interfere

*Id.* (internal quotations and ellipses omitted.)    As stated above, the trial court noted at oral argument and in its written decision that Appellants' filing in Puerto Rico was proper and appropriate under the circumstances.  Therefore, the trial court should have deferred to the court in Puerto Rico under principles of comity and the first-in-time rule.  The relevant case law establishes that when a lawsuit is properly commenced in a foreign court of competent jurisdiction,

---

[1]      The trial court misconstrued the two cases it relied on to conclude that the parties are required to litigate in New York despite the Forum Clause being unenforceable on May 8, 2020.  Unlike here, in *Conduent Business Services v. Skyview Capital LLC*, C.A. No. 2020-0232-JTL, there was a pending action between the parties in **New York** (*Skyview Capital LLC v. Conduent Business Services*, Index No.: 650761/2020) before the court shutdown, which led the Delaware state court to state that the non-emergency claims for relief should be litigated in New York.  In *Hart v. Wallis*, Case No.: 4:20-cv-00552, 2020 WL 2467799, at *8 (E.D. Mo. May 13, 2020), the forum selection clause was not unenforceable – the district court had already agreed to entertain the TRO application before learning about the forum selection clause and the parties would be delayed further if they re-filed in the designated forum.

FILED: MONROE COUNTY CLERK 08/26/2020 05:01 PM
NYSCEF DOC. NO. 104

20-12094-mew    Doc 12-11    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 11
                                    Pg 19 of 28

INDEX NO. E2020003156
RECEIVED NYSCEF: 08/26/2020

which Puerto Rico is here, the New York court must give deference to the foreign court unless there are special circumstances, namely: (a) New York interests predominate over the interests of the other jurisdiction; (b) the first-in-time action is vexatious, oppressive or procedurally unfair; or (c) more comprehensive relief is available in the second action in New York. *Ace Property & Cas. Ins. Co. v. Federal-Mogul Corp.*, 55 A.D.3d 479, 480, 866 N.Y.S.2d 188, 191 (1st Dep't 2008); *Flintkote Co. v. American Mut. Liability Ins. Co.*, 103 A.D.2d 501, 506, 480 N.Y.S.2d 742, 746 (2d Dep't 1984) ("[i]n deciding forum issue, our inquiry is similar to that undertaken in applying the doctrine of *forum non conveniens*—whether the litigation and the parties have sufficient contact with this State to justify the burdens imposed on our judicial system").

The First Filed Action was properly commenced in Puerto Rico and none of these special circumstances are present here. *First*, Puerto Rico's interests predominate over any interest that the County of Monroe may have in connection with this dispute. The Purchase Agreement concerns the purchase and sale of the assets of the hotel, including real property, all of which is located in Puerto Rico. Unlike the trial court in Monroe County, the court in Puerto Rico has *in rem* jurisdiction over the Assets conveyed under the Purchase Agreement, which vests the court in Puerto Rico with the authority to adjudicate the parties' dispute to the exclusion of this Court. *Farmers' Loan & Trust Co. v. Lake S.E.R. Co.*, 177 U.S. 51, 61 (1900) ("[t]he possession of the res vests the court which has first acquired jurisdiction with the power to hear and determine all controversies relating thereto, and for the time being disables other courts of coordinate jurisdiction from exercising a like power"); *Clark Tower, LLC v. Wells Fargo Bank, N.A.*, 178 A.D.3d 547, 547-48, 114 N.Y.S.3d 339, 340 (1st Dep't 2019) ("the courts of one state may not decide issues directly affecting title to real property located in another state"); *Provident Bank v. Community Home Mortg. Corp.*, Civil Action No. 02-CV-5219, 2005 WL 1801654, at *6

FILED: MONROE COUNTY CLERK 08/26/2020 05:01 PM
INDEX NO. E2020003156
NYSCEF DOC. NO. 104
20-12094-mew   Doc 12-11   Filed 09/11/20   Entered 09/11/20 15:52:21   Exhibit 11
RECEIVED NYSCEF: 08/26/2020
Pg 20 of 28

(E.D.N.Y. July 28, 2005) ("in cases where a court has custody of property, that is, proceedings in rem or quasi in rem the state or federal court having custody of such property has exclusive jurisdiction to proceed") (internal quotations omitted).

*Second*, the First Filed Action is not "vexatious, oppressive or procedurally unfair," but rather was a necessary filing due to the closure of the New York state courts, which the trial court acknowledged at oral argument and in its written decision. *Third*, more comprehensive relief is not available in New York; to the contrary, more comprehensive relief is available in Puerto Rice because it is the situs of the assets conveyed under the Purchase Agreement. The Purchase Agreement is governed by New York law and under New York law Appellants have the right to place a *lis pendens* against real property and foreclose on it to secure their investment in the Purchase Agreement. *See Interboro Operation Corporation v. Com. Sec. & Mortg. Corp.*, 269 N.Y. 56 (1935); *In re 85-02 Queens Blvd. Assocs.*, 212 B.R. 451 (E.D.N.Y. 1997). The Anti-Suit Injunction, however, grants mandatory injunctive relief requiring Appellants to obtain the release or expungement of the *lis pendens* in Puerto Rico, curtailing Appellants' rights under New York law.

The trial court appears to have based its decision not to apply the first-in-time rule due to the presence of the Forum Clause. But as established herein the Forum Clause was unenforceable on May 8, 2020 when Appellants commenced the First Filed Action in Puerto Rico and their filing in Puerto Rico was proper and appropriate. Since the First Filed Action was properly filed in a court of competent jurisdiction, indeed the only court of competent jurisdiction available to Appellants on May 8, 2020, the trial court was required to follow the Fourth Department's ruling

FILED: MONROE COUNTY CLERK 08/26/2020 05:01 PM
NYSCEF DOC. NO. 104

20-12094-mew    Doc 12-11    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 11
Pg 21 of 28

INDEX NO. E2020003156
RECEIVED NYSCEF: 08/26/2020

in *In re Perceptron, Inc. (Vogelsong)*, 34 A.D.3d at 1215 and give the Puerto Rico court deference under principles of comity and the first-in-time rule.[2]

### C.    The Trial Court Should Not Have Granted the Anti-Suit Injunction

The trial court erred when it granted Respondent an anti-suit injunction and dispositive mandatory injunctive relief.   An anti-suit injunction is an extraordinary remedy, depriving a foreign court of competent jurisdiction the power to exercise its otherwise lawful authority to entertain a legal proceeding before it. *LAIF X SPRL v. Axtel, S.A. de C.V.*, 390 F.3d 194, 199 (2d Cir. 2004) ("injunctions restraining foreign litigation [should] be used sparingly and granted only with care and great restraint … because an anti-suit injunction, though directed at the litigants, effectively restricts the jurisdiction of the court of a foreign sovereign") (internal citations and quotations omitted).   Under general principles of comity, anti-suit injunctions are strongly disfavored and granted in only the rarest of circumstances, where it is "clearly shown" that the foreign suit was brought "in bad faith, or motivated by fraud or an intent to harass the party seeking the injunction, or if its purpose was to evade the law of the domicile of the parties."   *See, e.g.*, *Sarepa, S.A. v. Pepsico, Inc.*, 225 A.D.2d 604, 604, 639 N.Y.S.2d 128, 129 (2d Dep't 1996) (reversing anti-suit injunction because, as here, the movant failed to "clearly show" that the action in the foreign jurisdiction was commenced in bad faith or motivated by fraud); *Indosuez Intern. Finance B.V. v. Nat'l Reserve Bank*, 263 A.D.2d 384, 384, 693 N.Y.S.2d 33, 34 (1st Dep't 1999)

---

[2]       The case law relied on by the trial court is inapposite. *Carlyle CIM Agent, L.L.C. v. Trey Resources I, LLC*, 148 A.D.3d 562 (1st Dep't 2017)  (unlike here, action in Oklahoma was filed the same day as the New York action and there is no allegation that the New York forum was unavailable at the time of filing); *Mechoshade Corp. v. Designed Performance Assocs., Inc.*, 11 Misc. 3d 1081(A) (Sup. Ct., Queens Co., 2006) (unlike here, no allegation that the contract forum was unavailable at the time of filing); *Somo Audience Corp. V. Perloff*, Index No.: 652354/2019, 2019 WL 3557508 (Sup. Ct., NY Co., Aug, 2, 2019) (same).

FILED: MONROE COUNTY CLERK 08/26/2020 05:01 PM
INDEX NO. E2020003156
NYSCEF DOC. NO. 104
20-12094-mew    Doc 12-11    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 11
Pg 22 of 28
RECEIVED NYSCEF: 08/26/2020

("doctrine of comity militates against staying proceedings previously commenced in a foreign court of competent jurisdiction").

The trial court expressly found that Appellants were compelled to file the First Filed Action in Puerto Rico on May 8, 2020 due to the closure of the New York state courts. For this reason alone, the trial court should not have granted the anti-suit injunction and other mandatory injunctive relief because the trial court agreed that the First Filed Action was brought in good faith.

The trial court granted the anti-suit injunction simply because the Purchase Agreement contains the Forum Clause. The case law cited by the trial court, however, does not stand for this proposition. *See*, *e.g.*, *Jay Franco and Sons Inc. v. G Studios, LLC*, 34 A.D.3d 297, 298 825 N.Y.S.2d 20 (1st Dep't 2006) (affirming an injunction against a California state court action because the "California action was commenced 10 months after the instant [New York] litigation"); *Interested Underwriters at Lloyds v. H.D.I. III Assocs.*, 213 A.D.2d 246, 246-67, 623 N.Y.S.2d 871 (1st Dep't 1995) (affirming an anti-suit injunction because the Colorado state court action was filed after the New York case and there were "significant New York contacts (including the presence of the property ....."); *IRB-Brasil Resseguros S.A. v. Portobello Int'l Ltd.*, 59 A.D.3d 366, 366, 874 N.Y.S.2d 79 (1st Dep't 2009) (affirming an anti-suit injunction because the defendants started a lawsuit in Brazil a year and half after the New York case); *Personal Sportswear v. Silverstein*, Index No.: 24851/1981, 1982 WL 11247, at *1 (Sup. Ct., NY Co., Mar. 24, 1982), *aff'd* 91 A.D.2d 507, 456 N.Y.S.2d 372 (1st Dep't 1982) (unlike here, the defendant was threatening to commence suit in Minnesota); *Indosuez Int'l Fin., B.V. v. Nat'l Reserve Bank*, 304 A.D.2d 429, 758 N.Y.S.2d 308 (1st Dep't 2003) (unlike here, the defendant filed civil suits in Russia after the New York State Court of Appeals had determined that the forum selection clauses in the parties' agreements were valid and enforceable).

FILED: MONROE COUNTY CLERK 08/26/2020 05:01 PM
NYSCEF DOC. NO. 104
20-12094-mew    Doc 12-11    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 11
Pg 23 of 28

INDEX NO. E2020003156
RECEIVED NYSCEF: 08/26/2020

When viewed collectively, these cases stand for the proposition that an anti-suit injunction is appropriate only if the non-moving party files or threatens to file a foreign lawsuit after proper proceedings already have begun in New York under a valid and enforceable forum selection clause, or if the non-moving party engages in some other egregious conduct. The record here demonstrates that the opposite is true – the First Filed Action was commenced in Puerto Rico before the New York action and the First Filed Action was proper and appropriate due to the unenforceability of the Forum Clause on May 8, 2020, which the trial court acknowledged. Under these circumstances and relevant authority, an anti-suit injunction is not available.

The trial court's grant of mandatory injunctive relief directing Appellants to dismiss the First Filed Action and to "expunge" or "release" any encumbrance on real property issued by the court in Puerto Rico is even further afield. It is well-established that a mandatory injunction is "rarely granted and then only under unusual circumstances where such relief is essential to maintain the status quo." *See One Flint St. LLC v. Exxon Mobil Corp.*, 145 A.D.3d 1490, 1491, 44 N.Y.S.3d 288, 289 (4th Dep't 2016). The status quo is that the First Filed Action is pending, and that Appellants obtained a judicial order in the First Filed Action for a *lis pendens* against the real property where the Hotel is situated. By requiring Appellants to dismiss the First Filed Action and obtain the release or expungement of the *lis pendens*, the mandatory injunctive relief awarded by the trial court disturbs the status quo rather than maintains it.

Moreover, the mandatory injunctive relief awards Respondent the ultimate relief on the merits of its claim. In its complaint, Respondent asserts an independent cause of action for breach of the Forum Clause and requests the trial court for a judgment declaring that the *lis pendens* granted by the Puerto Rico court is "null and void and of no legal force or effect." By requiring Appellants to dismiss the First Filed Action and obtain the release or expungement of the *lis*

FILED: MONROE COUNTY CLERK 08/26/2020 05:01 PM
INDEX NO. E2020003158
NYSCEF DOC. NO. 104
20-12094-mew    Doc 12-11    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 11
RECEIVED NYSCEF: 08/26/2020
Pg 24 of 28

*pendens*, the mandatory injunctive relief awarded by the trial court grants the ultimate relief sought by Respondent in its complaint.

## III.    APPELLANTS WILL SUFFER IRREPARABLE HARM IF THE LOWER COURT'S PRELIMIANRY INJUNCTION STANDS

Appellants will suffer irreparable harm if this Court does not immediately intercede to stay, limit, vacate or modify the Anti-Suit Injunction Order.  The opportunity for Appellants to own and operate the Hotel is a unique business venture, the loss of which will cause incalculable damage to Appellants because of the distinctive character of the Hotel.  *See, e.g., Destiny USA Holdings, LLC v. Citigroup Global Markets Realty Corp.*, 69 A.D.3d 212, 889 N.Y.S.2d 793 (4th Dep't 2009) (borrower established irreparable injury if lender did not fund construction project due to project's unique character); *Seitzman v. Hudson River Associates*, 126 A.D.2d 211, 513 N.Y.S.2d 148 (1st Dep't 1987) (loss of opportunity to purchase office space in same building where the plaintiffs' reside constitutes irreparable harm); *Vincent v. Seaman*, 152 A.D.2d 841, 544 N.Y.S.2d 227 (3d Dep't 1980) (plaintiff established irreparable injury if the defendant was allowed to transfer, sell or encumber the real property during the litigation in light of unique nature of the realty); *Third Church of Christ, Scientist, of New York City v. New York City*, 617 F. Supp. 2d 201, 215 (S.D.N.Y. 2008), *aff'd*, 626 F.3d 667 (2d Cir. 2010) ("deprivation of an interest in real property constitutes irreparable harm").

The court in Puerto Rico authorized placing a *lis pendens* on the real property of the Hotel pending the adjudication of the parties' dispute.  The Anti-Suit Injunction Order upends the status quo and effectively permits Respondent to dispose of the Hotel while the parties litigate their dispute, depriving Appellants of a one-of-a-kind opportunity to own and operate the Hotel. Appellants have meritorious claims and defenses based on, among other things, the doctrines of

FILED: MONROE COUNTY CLERK 08/26/2020 05:01 PM
INDEX NO. E2020003156
NYSCEF DOC. NO. 104
20-12094-mew    Doc 12-11    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 11
Pg 25 of 28
RECEIVED NYSCEF: 08/26/2020

failure of consideration, commercial impracticability and frustration of purpose,[3] which may be rendered moot if the *lis pendens* is released or expunged under the Anti-Suit Injunction Order and Respondent successfully conveys the Hotel to a new buyer.  It is critical that this Court intervene to preserve the status quo, the Purchase Agreement and the assets to be conveyed to Appellants under the Purchase Agreement by modifying, vacating, staying or limiting the Anti-Suit Injunction Order.

## IV.    A BALANCING OF THE EQUITIES WEIGHS IN FAVOR OF APPELLANTS' REQUESTED RELIEF

A balancing of the equities weighs in favor of this Court limiting, modifying, staying or vacating the Anti-Suit Injunction Order on an interim basis and pending Appellants' appeal.  As set forth above, Appellants will suffer irreparable harm if this Court does not intervene.  In stark contrast, Respondent will not suffer any harm or prejudice.  *First*, Respondent's damages, if any, will be completely secured during the pendency of this appeal.  Respondent has sued Appellants for a determination of Respondent's right to retain Appellants' $5.1 million down payment towards the purchase of the Hotel under the Purchase Agreement.  The down payment is at present being held in escrow by the escrow agent and will not be released until the parties' dispute is resolved.

---

[3]    The doctrine of failure of consideration applies here because it is not supported by consideration—the COVID-19 pandemic has completely deprived Appellants from receiving the benefit of their bargain under the Purchase Agreement. *Fugelsang v. Fugelsang*, 131 A.D.2d 810, 517 N.Y.S.2d 176 (2d Dep't 1987) ("Failure of consideration exists wherever one who has promised to give some performance fails without his or her fault to receive in some material respect the agreed quid pro quo for that performance").  The doctrines of commercial impracticability and impossibility of performance also are available because there has been a destruction of the fundamental subject matter of the Purchase Agreement and the means of performance has made performance objectively impossible produced by an unanticipated event, i.e., the COVID-19 global pandemic. *Kel Kim Corp. v. Central Markets, Inc.*, 70 N.Y.2d 900, 524 N.Y.S.2d 384 (1987).  Frustration of purpose is available where, as here, there is a change in circumstances that "makes one party's performance virtually worthless to the other, frustrating his purpose in making the contract. *PPF Safeguard, LLC v. BCR Safeguard Holding, LLC*, 85 A.D.3d 506, 924 N.Y.S.2d 391 (1st Dep't 2011).

There is no risk that the escrow agent will release the down payment to Appellants before the parties' rights are adjudicated. *Second*, Respondent will continue to be in possession of all of the Assets of the Hotel, including the real property and other tangible assets covered by the Purchase Agreement, which have substantial monetary value. There is no risk of these assets being depleted while the appeal is pending. Since Appellants may never be able to purchase the Hotel and its assets in the absence of this Court's immediate intervention, the balancing of the equities tips in Appellants' favor. *See, e.g., Felix v. Brand Service Group, LLC*, 101 A.D.3d 1724, 957 N.Y.S.2d 545 (4th Dep't 2012) ("irreparable injury to plaintiffs is more burdensome than the harm caused to defendants through the imposition of the injunction. While defendants may be delayed in paying off debt or using the escrow money for other purposes, plaintiffs may never be able to recover the money, if disbursed, even if plaintiffs ultimately prevail in the underlying action.").

## V.    THIS COURT SHOULD EXERCISE ITS INHERENT AUTHORITY TO STAY ALL PROCEEDINGS BEFORE THE TRIAL COURT PENDING APPEAL

This Court should stay all deadlines, proceedings and discovery before the trial court pending appeal of the Anti-Suit Injunction Order. It is well-settled that this Court has the inherent power and authority to stay the proceedings in the trial court below upon a showing of good cause. *See*, e.g., *Schwartz v. New York City Housing Authority*, 219 A.D.2d 47, 48-49, 641 N.Y.S.2d 885, 886-87 (2d Dep't 1996) (acknowledging the appellate division's "inherent power to grant a stay of acts or proceedings, which, although not commanded or forbidden by the order appealed from, will disturb the status quo"); *Tax Equity Now NY LLC v. City of New York*, 173 A.D.3d 464, 465 104 N.Y.S.3d 50, 52 (1st Dep't 2019) (exercising inherent authority of appellate division to stay the proceeding before the trial court while the defendants appealed the denial of their motion to dismiss).

FILED: MONROE COUNTY CLERK 08/26/2020 05:01 PM
INDEX NO. E2020003156
NYSCEF DOC. NO. 104
20-12094-mew    Doc 12-11    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 11
Pg 27 of 28
RECEIVED NYSCEF: 08/26/2020

Good cause exists to stay discovery and all proceedings before the trial court pending Appellants' appeals of the Anti-Suit Injunction Order. *First*, the appeal involves a threshold issue of whether the trial court should be the venue of the parties' dispute, or if the proper venue is Puerto Rico in connection with the First Filed Action. If Appellants succeed in appealing the Anti-Suit Injunction Order, Respondent's lawsuit will be dismissed in favor of the First Filed Action. *Second*, without a stay, Appellants will be constrained to spend substantial time, resources and money engaging in discovery. It is prejudicial to require Appellants to engage in the discovery process and incur the considerable burden and expense of discovery while a potentially dispositive appeal is pending. *Third*, Respondent will not suffer material prejudice from the stay. Respondent has sued Appellants for a determination of Respondent's right to retain Appellants' $5.1 million down payment towards the purchase of the Hotel under the Purchase Agreement. The down payment is at present being held in escrow by the escrow agent and will not be released until the parties' dispute is resolved. Therefore, Respondent's damages are completely secured pending the appeal and there is no risk that the escrow agent will release the down payment to Appellants before the parties' rights are adjudicated.

Accordingly, this Court should issue an interim stay of the proceedings in this action and to modify, limit, vacate or stay the preliminary injunction. In addition, the Court should exercise its inherent authority to stay all deadlines, proceedings and discovery before the trial court pending appeal of the Anti-Suit Injunction Order.

FILED: MONROE COUNTY CLERK 08/26/2020 05:01 PM

NYSCEF DOC. NO. 104

INDEX NO. E2020003156

RECEIVED NYSCEF: 08/26/2020

20-12094-mew    Doc 12-11    Filed 09/11/20    Entered 09/11/20 15:52:21    Exhibit 11
Pg 28 of 28

## **CONCLUSION**

For the foregoing reasons, Condado's motion for an interim stay pending a full hearing and

determination of the appeal of the Anti-Suit Injunction Order should be granted.


Dated:  New York, New York
       July 20, 2020

                                  **TARTER KRINSKY & DROGIN, LLP**
                                  *Attorneys for Defendants-Appellants*

                          By: _____
                                  Anthony D. Dougherty
                                  Jonathan E. Temchin
                                  1350 Broadway
                                  New York, New York 10018
                                  Tel.: (212) 216-8000
                                  Email: adougherty@tarterkrinsky.com
                                  Email: jtemchin@tarterkrinsky.com